48  314
58  387

WILLIAM J. MERRILL AND ANOTHER *vs.* ALBERT KENYON.

Where goods are sold to a person who is in fact an agent of another and on his credit, but without knowledge of the agency on the part of the seller, the latter has the right to elect to make the principal his debtor on discovering him.

And the same principle applies where the seller is informed at the time of the sale that the buyer is an agent, but is not informed who the principal is.

And the seller is not bound to make the inquiry.

And where the seller takes the promissory note of the buyer for the goods, with knowledge that he is an agent, but without knowledge who is the principal, he is not debarred thereby from electing to make the principal his debtor.

And the taking of such a note is not presumptively a payment of the debt.

ASSUMPSIT for goods sold; brought to the Court of Common Pleas, and tried to the jury on the general issue before *Mather, J.*

On the trial it was agreed that the goods for the value of which the action was brought were delivered to one George A. Hoyle, who was carrying on the business of a saloon-keeper in Norwich, ostensibly on his own account, and that the credit was given by the plaintiffs to Hoyle. It was claimed by the defendant that the plaintiffs knew that Hoyle was doing business as an agent when they sold the goods, but this was denied by the plaintiffs.

The plaintiffs claimed that at the time the goods were furnished, and for a long time afterwards, they supposed that Hoyle was the real proprietor of the place and business, and had no reason to suppose otherwise, but that subsequently they received information that led them to believe that he was only an agent, and that the real proprietor was the defendant, and that immediately upon this discovery they

ceased to look to Hoyle for payment, and elected the defendant as their debtor, and brought this suit to recover the value of the goods. The defendant denied that he was the proprietor of the saloon, or had any interest in the business, though he admitted that he was the owner of the fixtures and some of the property in the saloon. He also denied that the plaintiffs made their election of him as their debtor as soon as they discovered, as they supposed, that he was the proprietor, but continued to give credit to Hoyle.

It appeared in evidence that two negotiable notes bearing date July 25th, 1877, and payable in two and three months, had been given by Hoyle to the plaintiffs for the account of the goods which were furnished, the account commencing November 25th, 1876, and closing July 31st, 1877, which notes were still retained by the plaintiffs, and have never been surrendered or cancelled, negotiated or paid; and it was claimed by the defendant that the notes were received in payment, which was denied by the plaintiffs.

The plaintiffs requested the court in writing to charge the jury as follows:

1. If the plaintiffs did not know that Hoyle was acting as agent, while the goods were being furnished, and as soon as they discovered that he was the agent of Kenyon they elected Kenyon as their debtor instead of Hoyle, your verdict should be for the plaintiffs; and, under this head, it is for you to find as a matter of fact, when, if ever, the plaintiffs had such information as required them to make their election. The plaintiffs were not obliged to make their election on a mere rumor, but only on such information as they could rely upon.

2. If the plaintiffs knew, while they were furnishing the goods, that Hoyle was an agent, but did not know whose agent he was, the same rule applies as if they did not know that he was an agent at all.

3. Taking notes for an antecedent debt does not discharge the debt, unless it is expressly agreed between the parties that the notes shall be received as payment. The presumption is that they are not so received.

4. Even if the plaintiffs took the notes as payment, but did not have reason to know at the time that Hoyle was Kenyon's agent, then, unless the notes were paid, on discovering that fact they were still entitled to look to Kenyon.

The court did so instruct the jury.

The defendant requested, in writing, the court to charge the jury, that if the plaintiffs knew that Hoyle was agent, and then received his notes, the presumption was that they were received in payment of the original bill and that they elected Hoyle as debtor. The court declined to so charge, but did charge that if the plaintiffs knew that Hoyle was agent of Kenyon, and then received his notes, the presumption was that they elected Hoyle as their debtor.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial for error in the charge of the court.

*S. Lucas* and *G. C. Ripley*, in support of the motion. ·

1. The usual inquiry, to whom was the credit given in contemplation of the parties, was not the subject of controversy in the court below, for it was agreed that the goods were delivered to Hoyle, and credit given to him. *Perry* v. *Hyde*, 10 Conn., 338.

2. The questions of fact between the parties, that appear by the motion, so far as the election of debtor is concerned, were these:—Did the plaintiffs know, when they sold and delivered the goods to Hoyle, and gave him credit for them, that he was doing business as an agent; and with like knowledge did they subsequently take his individual notes in payment? The court not only mistook the law, but by its charge deprived the defendant of the benefit of the evidence that the plaintiffs knew Hoyle was an agent, in the consideration by the jury of the question to whom was credit given, by saying to them that the same rule would apply as though the plaintiffs did not know that he was an agent at all. So that under the charge, if the jury found that the plaintiffs did know there was a principal, and yet chose to give credit to the agent, they could subsequently look to the principal.

The court also erred in stating to the jury that "even if the plaintiffs took the notes as payment, but did not have reason to know at the time that Hoyle was Kenyon's agent, then, unless the notes were paid, on discovering that fact they would still be entitled to look to Kenyon." It will be observed that the jury were given to understand that whatever might have been the plaintiffs' knowledge, or intention, or actions, all were immaterial, unless at the time they knew Hoyle was the defendant's agent. The court not only mistook the law in this, but by its charge withdrew in part the questions of fact that should have been passed upon by the jury, and deprived the defendant of the benefit of the act of the plaintiffs, performed with as full knowledge of the facts as they desired, in voluntarily discharging the original debt by taking the notes of Hoyle. *Jones* v. *Ætna Ins. Co.*, 14 Conn., 507; *Ranken* v. *Deforest*, 18 Barb., 143; *Foster* v. *Persch*, 68 N. York, 400; *Burdin* v. *Williamson*, 12 N. York Supreme Ct., 560.

3. The court also erred in refusing to instruct the jury as requested by the defendant, and instructing them that the burden of proof was upon the defendant to show that the notes were received in payment. If they were received by the plaintiffs at a time when they knew there was an agent, and the goods had not been sold to Hoyle on his credit alone, then they were notes of a third person and an agent, and the presumption was, as they were received *for the account*, that they were received in payment, and intended as a release of the principal and made it incumbent on the plaintiffs to show otherwise. *Freeman* v. *Benedict*, 37 Conn., 559; *French* v. v. *Price*, 24 Pick., 13; *Hyde* v. *Paige*, 9 Barb., 150.

*S. S. Thresher* and *F. T. Brown*, contra.

Park, C. J. No complaint is made of that part of the charge in which the court instructed the jury that, if the plaintiffs did not know at the time of the sale that Hoyle was acting as agent, and as soon as they discovered that he was so, elected to make his principal their debtor, they had a

right to recover, and that they were not obliged to make their election upon a mere rumor, but had a right to have reliable information to act upon; but exception is taken to that part of the charge in which the judge said—"If the plaintiffs knew, while they were furnishing the goods, that Hoyle was an agent, but did not know whose agent he was, the same rule applied as if they did not know he was an agent at all."

The case of *Thompson* v. *Davenport*, 9 Barn. & Cress., 78, fully sustains this charge of the court. In that case the party buying the goods represented at the time of making the contract of sale, that he was buying them on account of certain persons residing in Scotland, but did not mention their names, and the seller did not inquire who they were, but debited the agent who purchased the goods. It was holden that the seller might afterwards recover the value of the goods from the principals. Lord Tenterden, C. J., in giving the opinion of the court, said:—"At the time of the dealing for the goods the plaintiffs were informed that McKune, who came to them to buy the goods, was dealing for another, that is, that he was an agent, but they were not informed who the principal was. They had not therefore at that time the means of making their election. It is true that they might perhaps have obtained those means if they had made further inquiry; but they made no further inquiry. Not knowing who the principal really was, they had not the power at that instant of making their election. That being so, it seems to me that the case falls, in substance and effect, within the first proposition which I have mentioned—the case of a person not known to be an agent—and not within the second, where the buyer is not merely known to be an agent, but the name of his principal is also known." In the same case Bayley, J., remarked as follows:—"In the present case the seller knew that there was a principal; but there is no authority to show that mere knowledge that there is a principal destroys the right of the seller to look to the principal as soon as he knows who that principal is, provided he did not know who he was at the time when the purchase was originally made." In the same case Littledale, J., remarked:

" Here the agent did not communicate to the seller sufficient information to enable him to debit any other individual.   The seller was in the same situation as if at the time of the contract he did not know that there was any principal besides the person with whom he was dealing, and had afterwards discovered that the goods had been purchased on account of another; and in that case it is clear that he might have charged the principal.   It is said that he ought to have ascertained, by inquiry of the agent, who the principal was, but I think he was not bound to make such inquiry, and that by debiting the agent with the price of the goods he has not precluded himself from resorting to the principal whose name was not disclosed to him."

The case of *Raymond* v. *Crown & Eagle Mills*, 2 Met., 319, is to the same effect.   It was there held that " there must be actual knowledge, on the part of the vendor, of the relation of the parties and their interest in the matter, to exonerate the principal by giving credit to the agent."

Complaint is also made of that part of the charge in which the judge said to the jury that "even if the plaintiffs took the notes as payment, but did not have reason to know at the time that Hoyle was the agent of the defendant, then, unless the notes were paid, on discovering that fact they were still entitled to look to the defendant."

Surely the plaintiffs would not be bound by an agreement to take the notes of Hoyle in payment without any knowledge of the fact that Hoyle was the agent of the defendant, any more than they would be bound by their charge of the goods to him believing him to be the principal.   The plaintiffs were entitled to the right of an election to charge the defendant, and no agreement they might make with Hoyle, under a misapprehension of the true character of the party with whom they were dealing, could deprive them of that right. The reason why a party is not bound, when he charges the agent believing him to be the principal, is the want of knowledge that another is the buyer in fact.   The same principle must prevail in a case where the agent's notes are taken without that knowledge.

And it is well settled that the taking of the promissory note of a debtor for an antecedent debt is not of itself payment. *Davidson* v. *Bridgeport*, 8 Conn., 472; *Bill* v. *Porter*, 9 Conn., 23; *Freeman* v. *Benedict*, 37 Conn., 559.

The defendant further complains of the refusal of the court to charge the jury, as requested by him, "that if the plaintiffs knew that Hoyle was an agent, and then received his notes, the presumption is that they were received in payment of the original bill, and that he elected Hoyle as his debtor."

We have already seen that the bare fact that the plaintiffs knew that Hoyle was an agent of some one in the transaction, was not enough to distinguish the case from that class of cases where such knowledge does not exist and sellers deal with agents supposing they are principals. Such being the case, it is clear that the court committed no error in refusing to charge as requested by the defendant. The cases already cited show that the facts stated create no such presumption as that claimed.

A new trial is not advised.

In this opinion the other judges concurred.