## THE FARMERS' MUTUAL ASSOCIATION v. BURCH.

INSURANCE—HOMESTEAD—LIEN.—A member of a mutual fire insurance association, whose charter provides that all buildings and other property insured by the association shall be pledged to the association, and that the association shall have a lien upon all such property as to the debts or liabilities contracted or incurred by said corporation during the continuance of such insurance, cannot plead homestead exemption, as to real property, in an action for his *pro rata* share of losses incurred, but such insured house, and the lands upon which it is situate, may be sold to pay such assessment.

Before Buchanan, J., Florence, May, 1896. Affirmed.

Action by the Farmers' Mutual Fire Insurance Association of Florence County against Thomas S. Burch, for his *pro rata* share of assessment for losses. The following is so much of the policy as is important:

"This agreement, this day entered into between Thomas S. Burch, of Florence, S. C. (who is called the insured), and the Farmers' Mutual Insurance Association of Florence County, whereby it is agreed:

"1. That the insured shall bear his *pro rata* portion of all expenses and losses sustained by the members of this association, on account of loss or damage of property that has been assigned to this association, by fire, lightning, or wind storm of any description; likewise the said association shall pay to the insured, within thirty days after the treasurer has given notice of assessment, all damages to the property described below (provided, the amount of insurance herein specified shall equal such loss,) by fire, lightning, or wind storm of any description. * * * 5. This policy shall remain in force until such a time as it may be canceled, either by the insured or the association, as provided in this policy or the by-laws of the association. * * *

"In consideration of the above, the insured does, on the 1st day of January, in the year 1895, at 12 o'clock, become a member of said company, assigning to the same the following described property: One frame shingle roof one-story dwelling house, situated upon the following described real estate, to wit: all that tract of land, in county and State aforesaid, containing 77½ acres, bounded on the north by lands of estate Sarah W. Kennedy, east by lands of Mrs. M. D. Burch, south by lands of Mrs. M. D. Burch, and west by lands of Mrs. S. J. Harrell, $500. Three bed room sets and one set of parlor furniture, stove and kitchen furniture, being in and upon the house and premises as above described, $100. One frame barn and contents, situated upon the above described premises, $100. Dated this 1st day of

January, A. D. 1895." (Duly signed by insured and officers of company.)

The defendant interposed plea of homestead exemption. The Circuit Judge made the following decree and report:

This cause came on before me at chambers, under an agreement of counsel filed in the cause, on the amended pleadings. All the facts alleged in the amended complaint and the answer are admitted to be true. The defendant raises the question that he is entitled to homestead exemptions, and resists the sale of the property on that ground. I hold that the charter of the plaintiff and the agreement of insurance create a lien on the property insured and the real property upon which the same is situated. The claim of homestead cannot prevail against this lien or its enforcement. It is ordered and decreed, that the property described in the complaint (if so much be necessary) be sold by the clerk of this Court on salesday in July, 1896, &c.

The matter herein presents a novel question in relation to the homestead exemption—whether or not, under the circumstances, the benefit of the exemptions should be allowed the defendant. As in the previous judgment heretofore rendered, I hold that, under such contract, no such exemption should be allowed him. Upon the appeal, for the settlement of this question, certain facts contained in the record were admitted. No question was made as to the time at which the contract was made with reference to the incorporation of the plaintiff herein, but argument was made below upon the admitted facts of the complaint, answer, &c. In the decision on appeal, the case was decided upon the time of its contraction with reference to the incorporation of the plaintiff. It is proper for me to say, that no such question was made before me, and the admitted facts for the settlement of this case contained no such issue before me. Certain facts were admitted, and judgment was rendered upon such admission. Let this report be made a part of the "Case" on appeal.

The defendant appeals on the following exceptions:

1. That his Honor erred in holding that the alleged contract of insurance is anything more than an attempted waiver of homestead.

2. That his Honor erred in holding that the charter of the plaintiff creates such a lien on all the property described in the complaint as will defeat the claim of homestead.

3. That his Honor erred in holding that the policy of insurance and charter of the plaintiff create such a lien on said property, both real and personal, as will defeat the defendant's claim of homestead, when it is respectfully submitted that they create a lien, if any, on said personal property only.

4. That his Honor erred in holding that the plaintiff had a lien on the land described in the complaint, when it appears that the policy or contract of insurance only purports to assign to plaintiff the dwelling house and the personal property insured.

5. That his Honor erred in holding that the claim of homestead herein can be defeated in any other way than by aliening or mortgaging said property.

6. That his Honor erred in ordering the sale of the property described in the complaint.

*Messrs. W. A. & H. A. Brunson,* for appellant, cite: Rev. Stat., 2130; 2 Bouvier, 648; 21 Stat., 1049; 25 S. C., 485; 10 Rich. Eq., 149; 6 Rich. L., 266; 27 S. C., 44; 5 S. C., 283; Jones Chat. Mtg., 8, 12, 18; 3 A. & E. Ency., 175; 1 Jones on Liens, sec. 31.

*Messrs. Thompson &. Kershaw,* contra, cite: Con. 1868, art. 2, sec. 32 (amend. 1880); 7 S. C., 19; Thomp. Hom. & Ex., 456; 7 S. C., 20; 1 Jones Mtg., 166, 168.

Aug. 10, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. The sole question in this case is whether the plaintiff association, by its charter and the contract of insurance with the defendant, a member, has a lien on the property insured for the member's portion of

the association's losses and expenses, which will prevent the defendant from claiming a homestead therein against such claim.

This action was commenced January 1st, 1896, to enforce an alleged lien for $3.50 against certain real and personal property of the defendant, to pay his *pro rata* portion of the losses and expenses of the plaintiff corporation. On the former appeal in this case, the judgment of the Circuit Court was reversed, on the ground solely that the alleged contract of insurance, according to the record before this Court, antedated the act incorporating the plaintiff. This Court, while reversing the judgment below on this point, surmising that there was some error in the pleadings below, gave leave to apply for amendment. In justice to Judge Buchanan, who heard the case, it should be said that the point upon which the case was reversed was not called to his attention or passed on by him. The pleadings having been amended, the case was again submitted to Judge Buchanan, who held that the charter of the plaintiff and the agreement of insurance create a lien on the property insured and the real property upon which the same is situated, and that the claim of homestead cannot prevail against this lien or its enforcement, and accordingly decreed for sale of the property, or so much as may be necessary to pay the claim, &c. The case was heard upon the facts stated in the complaint and answer, which, with the exhibit, the decree and report of his Honor, and the exceptions, will be found in the report of this case. The exceptions raise practically the one question stated at the beginning of this opinion.

We hold with the Circuit Court on this question. The plaintiff is a mutual insurance association, chartered by the legislature of this State, December 18, 1894, with power to "mutually insure the respective dwelling houses, barns and other buildings of its members of Florence County against loss by fire, wind or lightning, upon such terms and under such conditions as may be fixed by the by-laws of said corporation." Sec. 4 of the act of incorporation, incorrectly

30—47

set out in the complaint, is as follows: "That every member of said corporation shall be and is hereby bound and obliged to pay his, her or their portion of all losses and expenses accruing to said corporation; and all buildings and other property insured by and with said corporation, together with the right, title and interest of the assured to the lands on which such buildings or other property may stand, shall be pledged to the said corporation; and the said corporation shall have a lien thereon against the insured, his or her heirs, representatives and assigns, during the continuance of their insurance, as to all debts or liabilities contracted or incurred by said corporation subsequent to the passage of this act." When, therefore, a person becomes a member of this association and enters into the contract of insurance, he *voluntarily* gives to the corporation the lien upon the dwelling houses, barns and out-buildings insured, together with the right, title and interest of the insured to the lands on which such buildings stand. (We are not to be understood as ruling that this association has power to insure, and by its charter acquire therefor a lien upon personal property. This question is not before us. Indeed, in the third exception of appellant, it is claimed that the charter and contract create a lien, if any, on the personal property only. While the first exception might be strained to cover this question, the question was not made before the Circuit Court nor argued in this Court, hence we assume it is not intended to be made.)

The question is to be determined by the Constitution of 1868, in force when the contract in question was made. Under that Constitution, it has been often adjudged that the homestead is not an estate, but a mere exemption from attachment and sale under any mesne or final process issued from any Court. The title and dominion over the property remaining with the owner, he could alienate or encumber it as he saw fit, consistently with the constitutional or statutory enactment creating the homestead. The Constitution of 1868 placed no limitation on this power. But it

is provided in sec. 2130, Revised Statutes, that: "No waiver of the right of homestead, however solemn, made by the head of a family at any time prior to the assignment of the homestead, shall defeat the homestead provided for in this chapter: *Provided*, however, that no right of homestead shall exist or be allowed in any property, real or personal, aliened or mortgaged, either before or after assignment, by any person or persons whomsoever, as against the title or claim of the alienee or mortgagee, or his, her or their heirs or assigns." It has been held that this act limits the modes of defeating a homestead to those named therein, alienation or mortgage of the property. *Hendrix* v. *Seaborn*, 25 S. C., 485. The mortgage, however, need not be in form a legal mortgage—an equitable mortgage may defeat the homestead allowed by the Constitution and act under consideration. Besides the "*pledge*" of the property insured, the "*lien*" thereon, which is "a tie that binds property to a debt or claim for its satisfaction," is, in this case, given by statute, upon the assent of the owner by his becoming a member of the association and entering into the contract of insurance, designating the property insured and subject to the lien. The express purpose of the act of incorporation was to give a lien on the very property usually included and claimed under homestead exemption, "the dwelling house, &c." The lien created by the statute and contract pursuant thereto, is a mortgage in the sense of section 2130, quoted above. It is a voluntary pledge or dedication of specific property as a security for the satisfaction of an obligation.

We reach this result with all the more satisfaction, because the legislation and contract in question are not hostile to the preservation of homesteads, but, on the contrary, are directly designed to afford owners of homesteads, at small expense, mutual protection against the destruction of their homes.

The judgment of the Circuit Court is affirmed.