BENJAMIN A. SIMON *vs.* THERESA FERNANDEZ.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

Express authority to an agent includes by implication all such powers as are proper and necessary to effectuate the purpose for which the authority was given.

The owner of a moving-picture theatre, desiring to lease it, expressly

authorized her agent "to find a lessee upon the best terms he could," and the agent employed plaintiff to assist in obtaining the lessee. *Held:*—

1. That the agent had power so to employ plaintiff, it appearing that such employment was reasonable and necessary.

2. That the plaintiff was entitled to recover for such employment from the principal, although she did not know of it until after the lease was procured.

The knowledge of an agent, acquired while acting in relation to the subject-matter of the agency, and within the scope of his authority, is the knowledge of the principal.

A person contracting with the agent of an undisclosed principal has a right to hold the latter on discovering that the contract was for the latter's benefit.

Argued January 18th—decided March 1st, 1924.

ACTION to recover a commission of $1,000 for procuring a lessee of the defendant's theatre, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error; judgment to be entered for the plaintiff.*

The amended complaint alleges that the defendant, by her agent Joseph Fernandez, promised to pay the plaintiff $1,000 if he should procure a lessee for the defendant's theatre on stated terms; that the plaintiff did procure such a lessee, with whom the defendant entered into a lease on the terms stated, and that the defendant has refused to pay the commission agreed on. All the allegations of the complaint are denied except that the defendant owned the theatre; and on the trial the controversy centered on the authority of Joseph Fernandez to make the promise alleged.

As to this issue it appears from the finding that the defendant acquired the motion-picture theatre in question, called the Hamilton Theatre, before she came of age. During her minority her father, John L. Fernandez, described in the complaint as Joseph Fernandez, managed the theatre and other property as trustee,

and, after defendant became of age, as defendant's agent, paid at the rate of $50 per week. As such agent the defendant's father had charge generally of running the theatre, including receiving and depositing receipts in bank, in an account entitled, Theresa M. Fernandez, John L. Fernandez, trustee, and subject to checks signed with the defendant's name "by John L. Fernandez, trustee."

Prior to the alleged employment of the plaintiff, the defendant and her father and agent had a conversation about leasing the Hamilton Theatre, "and defendant told said John L. Fernandez to lease it if he could, but nothing was said about terms, defendant leaving it to the said John L. Fernandez to find a lessee upon the best terms he could." No express authority was given to the father to employ any other person to find a lessee.

Thereafter John L. Fernandez, after transacting some business with the plaintiff, who was employed at a motion-picture exchange and had occasion to meet managers of motion-picture theatres, said to the plaintiff: "Why don't you get me a customer for my theatre?", and on plaintiff responding that he would if he could find one, Fernandez said to the plaintiff: "You get me a customer at $25 a day rent and $5,000 for the good will for the theatre and I will give you $1,000."

The plaintiff did find such a customer, with whom the defendant executed a five years lease upon the terms above mentioned, and the trial court has reached the conclusion, which is not disputed, that plaintiff was the procuring cause of such leasing.

Defendant knew nothing about the conversation which, as the court finds, took place between her father and the plaintiff, and did not know until some time after the lease was executed that the plaintiff had anything to do with procuring the lease.

On the other hand, the plaintiff did not know that the theatre, which Fernandez spoke of as "my theatre," did not belong to him, and did not know that defendant owned the theatre until some time after the lease was executed.

The trial court reached the conclusion that John L. Fernandez had no authority, express or implied, from the defendant to engage the plaintiff to find a lessee of the theatre, and to agree to pay him $1,000 therefor.

*Robert J. Woodruff* and *Arthur Klein,* with whom was *Claude B. Maxfield,* for the appellant (plaintiff).

*Charles W. Bauby,* for the appellee (defendant).

BEACH, J. On the facts found we are of opinion that the defendant's agent in carrying out his express authority "to find a lessee upon the best terms he could," had power to employ the plaintiff to assist him in procuring a lessee. He was to lease the theatre if he could—to find a lessee—and no limitation was put upon him except to get the best terms he could.

Upon the facts found the grant of this broad and general authority was entirely natural. It reflected the confidence which the defendant had in her father, trustee and business manager. And so long as he acted in good faith and used such means as were reasonable and necessary to carry out her purpose, his power to represent and bind her is as broad as her confidence in his ability to manage the affair without further instructions.

Express authority, unless restricted to the contrary, includes by implication all such powers as are proper and necessary as a means of effectuating the purpose for which the agency was created. *Kearns* v. *Nickse,* 80 Conn. 23, 66 Atl. 779; *Benjamin* v. *Benjamin,* 15 Conn.

347, 356; *Thames Steamboat Co.* v. *Housatonic R. Co.*, 24 Conn. 40, 51.

The conclusion of the trial court that the plaintiff was the procuring cause of the leasing of the theatre, goes a long way toward finding that his employment to procure a lessee was proper and necessary. So far as appears, Fernandez was not specially qualified to find a lessee for a motion-picture theatre, and he was not employed because he was supposed to posssess such special qualification. The plaintiff was, by reason of his employment, brought in contact with the managers of motion-picture theatres, and it may be supposed that desirable lessees would be more likely to be found among that class than elsewhere. There is no finding that the plaintiff's employment was not a proper or necessary means of effectuating the purpose for which the agency was created. On the contrary, the facts found and the conclusion that the plaintiff was the procuring cause of the lease are inconsistent with any other ultimate conclusion than that the employment of the plaintiff was within the authority granted to Fernandez.

It is of no consequence that the plaintiff contracted with Fernandez supposing him to be the owner of the theatre. On discovering the fact that the contract was for the benefit of an undisclosed principal, he had a right to hold the latter. *Merrill* v. *Kenyon*, 48 Conn. 314.

Neither is it material that the defendant did not know of the plaintiff's employment until after the lease was executed. "Principals are always presumed to have knowledge of all the acts done or declarations made by or to their agents, when acting in relation to the subject-matter of the agency, and within the scope of an actual or apparent authority conferred upon them." *Smith* v. *Water Commissioners*, 38 Conn. 208, 218; *Trumbull* v. *Hewitt*, 65 Conn. 60, 74, 31 Atl. 492, and cases cited.

Eaton *v.* Standard Oil Co.

There is error and the cause is remanded with direction to set aside the judgment and enter judgment for $1,000, with interest, for the plaintiff.

In this opinion the other judges concurred.