## EDITH BURKE
### vs.
## NEW HAVEN SAVINGS BANK

Superior Court      New Haven County      File #50619

Present: Hon. EDWIN C. DICKENSON, Judge.

Edward G. Schenfield,          Attorney for the Plaintiff.

Watrous, Hewitt,
   Gumbart & Corbin,        Attorneys for the Defendant.

## MEMORANDUM FILED DECEMBER 14, 1936

DICKENSON, J. The plaintiff fell and injured herself because of the giving way of steps on a stairway under the control of the defendant. The evidence supports the claim of the plaintiff that the relations of the parties were such as to require the defendant to use reasonable care to keep the steps reasonably safe for the plaintiff's use.

The stairway was made up of iron stringers to which were rivited angle irons. The treads rested on, and were made fast to the irons. The angleirons or rivets holding them had rusted away, leaving no adequate support for the treads. Upon complaint the defendant sent a carpenter to repair the stairway. This he did by cleating the treads and risers together with wooden cleats. While this gave the appearance

of safety from above it did not in fact make the stairs safe.

The plaintiff, who weighed slightly over two hundred pounds, started down the stairway. She had not used them for about three weeks and they appeared to her to be safe. Part way down one step gave under her weight, she stepped to the next one and this gave way entirely, causing her to fall.

Other tenants have testified that the stairs were in fact "shaky" after they were repaired and before the plaintiff's fall. The defendant did not offer the carpenter who repaired them as a witness but put on the stand a bank employee who testified he walked on them after they were repaired and found them sound. The fact that the plaintiff went through them while using them with reasonable care and the testimony relating to the manner in which they were repaired establish the plaintiff's claim that they were unsafe at the time of her fall.

But the defendant claims in any event it had fulfilled its duty in selecting a competent carpenter to repair the steps. There is no evidence that the carpenter was competent and the events indicate he was not. He was the agent of the defendant in making the repairs and his knowledge was theirs.

**Simon vs. Fernandez, 100 Conn., 438-442.**

**16 R.C.L. 1045, Sec. 565; 34 L.R.A. 806, note.** Nor can the defect be termed a hidden one as was the case in **Wenisch vs. Wetherall, 109 Conn., 735,** relied upon by the defendant for the stairway was open to inspection beneath as well as above. It is found the defendant is liable to the plaintiff.

As to the damages the plaintiff, it appears, sprained both ankles although it would seem not severely. She further claims a back injury that still prevents her from doing heavy work.

Judgment is directed for her to recover $700.00 damages.