### E. M. WORKMAN COMPANY *v.* PHILLMORE I. HARRISON ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-634-7786

Argued January 3—decided February 11, 1966

*John M. Brannelly,* of Bridgeport, for the appellants (defendants).

*Alfred W. Burkhart,* of Norwalk, for the appellee (plaintiff).

DEARINGTON, J. In this action the plaintiff recovered a judgment against the named defendant and the defendant Ice Cream Parlor, Inc., hereinafter referred to as the corporation. The defendants have appealed, assigning error in the court's finding.

The following facts were found by the trial court. The corporation was the owner and operator of a retail ice cream and confectionery store in Westport. Harrison was the president of the corporation and in this capacity acted as its operating

manager. Service of process was made upon Harrison individually and upon the corporation. On or about January 30, 1963, Harrison telephoned the plaintiff and requested it to perform certain plumbing and sewage work in connection with a clogged drain at the ice cream store. The work was done, and thereafter the plaintiff sent identical bills to Harrison and the corporation, which bills remained unpaid. The charge for the services was comparable with charges usually made by the plaintiff for similar work in the area. No claim was made that the work was defective or performed in an unsatisfactory manner. Harrison had called the plaintiff on prior occasions to perform similar work, but it was not indicated who paid for the services or whether the work was charged to Harrison or the corporation. Harrison was the only person interested in the corporation and in its business. The plaintiff believed it was dealing with Harrison and had no knowledge at the time of his relationship with the corporation. The work benefited the corporation.

The court arrived at the following conclusions: The plaintiff had performed the services alleged, and its charge was reasonable; the defendant Harrison was liable since he individually requested and accepted the services; the corporation was also liable since Harrison was its president and as such was authorized to enter into an agreement with the plaintiff to perform the services; the corporation accepted the services and received the benefit; and both Harrison and the corporation had identical interests and neither may escape by attempting to employ the legal cloak of protection of the other.

The defendants assign error in the finding although no attempt was made to correct it; furthermore, in the absence of a transcript we must

accept the finding as made. Practice Book § 965; *Lang* v. *Marro,* 24 Conn. Sup. 128, 1 Conn. Cir. Ct. 452, 453. Moreover, the defendants failed to file briefs as required by our rules. Practice Book § 1015; Maltbie, Conn. App. Proc. § 325. Under our rules "[n]o claim of error not presented in a written brief duly filed need be considered." Practice Book § 1019. We will, however, consider the only assignment of error which presents an issue on the record, that is, the attack on the court's conclusions from the subordinate facts. Harrison does not question the judgment rendered against him, and we are therefore concerned only with the assignment of error as it affects the corporation. In this respect it should be noted that the defendants in neither their pleadings nor arguments raise the question of election of liability. See 3 Am. Jur. 2d, Agency, § 308; *Jones* v. *Aetna Ins. Co.,* 14 Conn. 501, 507. Since this question has not been raised, we give it no further consideration.

"The conclusions which the court has reached are to be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case." *Yale University* v. *Benneson,* 147 Conn. 254, 255. It is not entirely clear from the corporation's assignment of error which of the several conclusions it is attacking. From its argument, however, it appears that the defendant contends that the court, having found that Harrison acted individually in hiring the plaintiff, could not, except erroneously, conclude that Harrison's actions were binding on the corporation. But the court also found that Harrison was president and in that capacity acted as the corporation's operating manager. The court further found that the plaintiff's work consisted in relieving a clogged drain line at a retail

ice cream store owned and operated by the corporation and that the work benefited the corporation. In the latter respect, it cannot be said that it was illogical or inconsistent for the court to conclude that the work was essential in carrying on the corporation's operation. On the issue relating to a president's authority, it has been held that the president of a corporation, merely as president, has no power to bind the corporation by any act of his aside from his official duties. *Perry* v. *Simpson Waterproof Mfg. Co.,* 37 Conn. 520, 534; see *Baptist* v. *Shanen,* 145 Conn. 605, 608; 19 Am. Jur. 2d, Corporations, § 1169. But in the instant case Harrison as president also acted as the corporation's operating manager. In *Huber* v. *Douglas, Inc.,* 94 Conn. 167, 173, the court held that a president and manager of a corporation, in charge of its work, had full power to bind the company in relation to that work. A general manager or, as here, an operating manager has been deemed by numerous authorities to be the principal officer of the corporation and as such has implied or ostensible power to do any act which is necessary in the ordinary transaction of the corporation's business. 19 Am. Jur. 2d, Corporations, § 1174, and cases cited. The defendant corporation has not shown that Harrison as president and manager was limited in his power to bind the corporation. We conclude that since Harrison acted in his capacity as president and manager, his act in furthering the company's business was binding on the corporation. While it appears that the corporation received and retained the benefit of the contract, we are not required to consider the doctrine of estoppel since it was not raised. See *Perry* v. *Simpson Waterproof Mfg. Co.,* supra, for application of the doctrine of estoppel. The court did not err in concluding that the corporation was responsible for the services performed.

The defendant also contends that the court was in error in concluding that the corporation was responsible because the court had previously found that the plaintiff was unaware at the time the work was performed that Harrison was both president and operating manager of the corporation. On discovering the fact that the contract was for the benefit of an undisclosed principal, the plaintiff had the right to hold the corporation. *Simon* v. *Fernandez,* 100 Conn. 438, 442; *Merrill* v. *Kenyon,* 48 Conn. 314, 319. This assignment of error is without merit.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.