CARRIE FISKE vs. HARRIET A. ENDERS.

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The defendant's coachman, M, was authorized, in her absence from town, to give her horses needed exercise by driving them in the country. *Held* that such authorization did not render the defendant liable for M's negligence while he was driving the horses, not for the purpose of exercise, but solely for his own pleasure and amusement, in her absence and without her knowledge or consent. Under such circumstances M could not be regarded as acting in the line of his employment.

The complaint alleged that at the time of the accident M was a servant of the defendant, and was acting in the line of his service. Prior to the hearing in damages the defendant gave notice that she should, if necessary, dispute the allegations of the complaint, except the averment that M was her servant, which was admitted. *Held* that under this notice the defendant was properly allowed to prove that at the time of the injury M was acting wholly for his own amusement and gratification.

Argued October 3d—decided December 18th, 1900.

ACTION to recover damages for personal injuries claimed to have been caused by the negligence of the defendant's servant while acting within the scope of his duty, brought to the Superior Court in Hartford County and heard in damages to the court, *Prentice, J.;* facts found and judgment rendered for the plaintiff for nominal damages only, and appeal by her for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Sidney E. Clarke*, for the appellant (plaintiff).

*Joseph L. Barbour*, for the appellee (defendant).

TORRANCE, J.   The complaint in this case alleged in substance that on the 10th day of June, 1899, through the negligence of one McNally, the defendant's servant, "acting in the line of his services," a pair of horses belonging to the defendant, then in the care and custody of McNally, ran against the plaintiff and injured her.

The defendant suffered a default and the case was heard in damages.   Upon that hearing the main question in dispute was whether, at the time of the injury aforesaid, McNally was so using said horses in the business or service of the defendant as to make her responsible for the results of his negligence.   Upon certain subordinate facts set forth in the record, the trial court held that he was not then so engaged in the service or business of the defendant as to make her responsible for his negligence; and the plaintiff says the court erred in so holding.

. The substance of the subordinate facts found, bearing upon this part of the case, are these: On the day of the injury, and for some years before, McNally was and had been in the employment of the defendant as her coachman.   He had the sole care of her horses, was her driver when she used them, and exercised them when they required exercise.   In the matter of exercising them the defendant, when in town, gave specific directions in each instance.   In her absence McNally had general instructions to exercise them only when necessary, and then to drive them only in the country.   He had no authority to use the horses for his own use or pleasure, or except as above stated, although at times he had used them otherwise without the defendant's knowledge.   On the morning of the day of the injury McNally drove the defendant to the railroad station where she took a train for New York. About eleven o'clock in the forenoon of the same day, in the

absence of the defendant and without her knowledge or consent, McNally took the horses from the defendant's stable, harnessed them to her carriage, and started toward the city of Hartford for a drive. His purpose in so doing was not to exercise the horses, for they needed none then, nor to use them upon any business or service of the defendant, but solely for his own pleasure and amusement. From the time he left the defendant's stable as aforesaid until the accident, he did no errand, service or act for the defendant, or which was in any way connected with her business or affairs, and had no intention of doing any. His sole purpose in taking the ride was personal to himself and wholly for his own amusement and gratification. "Said drive by McNally was wholly unknown to the defendant, and unauthorized by her, either expressly or impliedly, or by any general instruction, direction or orders; and while engaged in it McNally was not at any time acting within the scope of his employment as the defendant's coachman and servant, or in the line of his service as such coachman and servant." It was while McNally was thus using the horses "wholly for his own amusement and gratification," that the injury to the plaintiff occurred.

Upon these subordinate facts, according to the principles laid down in the cases cited below, it is too clear for argument that McNally, at the time of the accident, was not the servant or agent of the defendant in any such sense as made her responsible for his negligence, and the trial court did not err in so holding. *Phelon* v. *Stiles,* 43 Conn. 426; *Stone* v. *Hills,* 45 id. 44; *Ritchie* v. *Waller,* 63 id. 155, 162.

Upon the hearing in damages the defendant offered evidence to show that in taking and using the horses as he did at the time of the injury, McNally was acting not for the defendant, nor in her behalf, but "wholly for his own amusement and gratification." The plaintiff objected to such evidence, on the ground that it was inadmissible under the defendant's notice. The court admitted the evidence, and this is assigned for error.

We think the court did not err in so ruling. The plaintiff had in effect alleged, in the second paragraph of her complaint,

Deep River National Bank's Appeal.

(1) that on the day of the accident McNally was the servant of the defendant; (2) that at the time the horses ran, as aforesaid, McNally was acting for the defendant in her business and service, and within the scope of his employment. The defendant in her notice stated, in effect, that she admitted the first of these allegations, but would, if it became necessary, deny and disprove the second. Under such a notice the objection made was clearly untenable.

In the other assignments of error it is alleged that the trial judge found certain facts without evidence, and refused to find certain other material facts which he ought to have found. Of these assignments it is enough to say that they are not supported by the record.

There is no error.

In this opinion the other judges concurred.