## Frank Miller, Defendant in Error, v. National Automobile Sales Company, Plaintiff in Error.

### Gen. No. 17,847.

1. AUTOMOBILES—*when corporation owning not liable for tort of officer.* Where the president of a corporation engaged in selling automobiles was driving one of its cars to his home after business hours and ran into a truck, injuring plaintiff, and it is not shown that he was at the time engaged in the business of the corporation or that the act done was in any way within the scope of his employment, the corporation is not liable.

2. MASTER AND SERVANT—*tort of servant.* To hold a master liable for a tort committed by his servant, it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed February 13, 1913.

ISRAEL COWEN, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court. The plaintiff, Frank Miller, sued the National Automobile Sales Company in the Municipal Court and recovered a judgment for $500 for damages for personal injuries sustained through the alleged negligence of the defendant. It appears from the evidence that defendant was in the business of selling automobiles; that its place of business was on Michigan avenue, near Twelfth street; that J. D. Wiener was its acting president and business manager; that at the close of business, about 5:30 P. M. on May 5, 1911, Wiener, accompanied by his son and daughter, the latter of

whom was the secretary of the company, started for his home in one of defendant's machines; that Wiener drove the car south on Michigan avenue; that plaintiff was driving a truck drawn by two horses along Twenty-third street, and while crossing Michigan avenue the automobile driven by Wiener ran into the truck and injured the plaintiff. The ownership of the automobile by the defendant was admitted, and there is no evidence in the record tending to refute the statement of Wiener that "I quit the business about 5:30; I took a machine that was in running order for the purpose of taking myself, my daughter and my son home to our dwelling and to have a drive."

The question is thus presented whether the owner of an automobile is liable for an injury caused by the alleged negligence of an agent who is in charge of the machine under the circumstances above stated. To hold the master liable for a tort committed by his servant it must appear that at the time of the injury the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment.

Slater v. Advance Thresher Co., 97 Minn. 305, is a case which is very similar in its facts to the case here presented. There a corporation engaged in the manufacture and sale of farm machinery furnished its general agent with an automobile which he used and operated, whenever convenient, to facilitate the discharge of his duties. One day, after business hours, the general agent and the general manager of the corporation took the machine out for a purpose entirely personal to themselves and wholly distinct from the business of the corporation, and drove the same so negligently (as it was claimed) as to frighten the plaintiff's horses, causing them to run away, and injuring him. He recovered a judgment, which was reversed on appeal, and remanded with directions to enter a

judgment for the defendant. In the opinion of the court most of the reported cases upon this question are cited, and the court said, in part (p. 308) : "The doctrine of the liability of the master for the wrongful acts of his servant is predicated upon the maxims *'respondeat superior'* and *'qui facit per alium facit per se'*. In fact, it rests upon the doctrine of agency. Therefore, the universal test of the master's liability is whether there was authority, expressed or implied, for doing the act; that is, was it one done in the course and within the scope of the servant's employment? * * * A master is not liable for every wrong which the servant may commit during the continuance of the employment. The liability can only occur when that which is done is within the real or apparent scope of the master's business. * * * A master is not responsible for any act or omission of his servant which is not connected with the business in which he serves him and does not happen in the course of his employment. * * * If the act be done while the servant is at liberty from the service and pursues his own ends exclusively, the master is not responsible. * * * If the servant step aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant is for the time suspended. Such, variously expressed, is the uniform doctrine laid down by all authorities."

Another case, which is quite similar in its facts, is that of Clark v. Buckmobile Co., 107 App. Div. (N. Y.) 120. In that case the general manager of an automobile company "took a day off" and went out of town. On his return he telephoned from the depot requesting another employee to come to the depot for him with an automobile. This was done, and on the way from the depot an accident occurred. A judgment based upon this evidence was reversed and the cause remanded for a new trial upon the ground, as stated in the opinion of the court, "that in order to

establish liability the persons must not only be general employees of the defendant, but must be employed in the defendant's business and not merely in their own recreation and pleasure at the time the injuries are caused." To the same effect, in principle, are the following cases: Danforth v. Fisher, 75 N. H. 111; Lotz v. Hanlon, 217 Pa. St. 339; Sheridan v. Charlick, 4 Daly 338; Stone v. Hills, 45 Conn. 44; Bard v. Yohn, 26 Pa. St. 482.

There being no evidence in the record tending to show that at the time of the accident Wiener was engaged in the business of the defendant, or that the act done was in any way within the scope of his employment, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*