460          APPELLATE COURTS OF ILLINOIS.

Szszatkowski v. Peoples G. L. & C. Co. et al., 209 Ill. App. 460.

**Walter Szszatkowski, by John Szszatkowski, Appellee, v. Peoples Gas Light & Coke Company and Charles L. Day, on appeal of Peoples Gas Light & Coke Company, Appellant.**

**Gen. No. 23,492.**

1. MASTER AND SERVANT, § 844*—*when chauffeur not engaged in operation of car for employer.* A chauffeur in the paymaster's department of a gas company who volunteers to take the superintendent of another department home in his closed car because of danger to the health of the superintendent in riding in an open car, and gets the paymaster's consent to the temporary exchange of cars by the respective departments, and injures a person upon his way back to the garage on the return trip, is not engaged in the operation of the car for his employer so as to render the latter liable for the chauffeur's negligence.

2. MASTER AND SERVANT, § 844*—*when master not liable for negligent act of employee.* A master is not liable for the negligent act of an employee unless done in furtherance of the master's business.

3. APPEAL AND ERROR, § 1802*—*when judgment reversed without remanding.* The Appellate Court may reverse without remanding where it finds the facts in controversy different from those found by the trial court and also where it reverses for errors of law which cannot be obviated or cured on another trial.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed March 5, 1918. Rehearing denied March 18, 1918. *Certiorari* denied by Supreme Court (making opinion final).

MEAGHER, WHITNEY, RICKS & SULLIVAN, for appellant; OLIVER R. BARRETT and FRANCIS L. DAILY, of counsel.

POLLOCK, SULLIVAN & LIVINGSTON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action for personal injuries, the jury found a verdict of not guilty as to defendant Day and of guilty as to defendant Gas Company, and assessed damages at $7,000, from which latter verdict plaintiff remitted $2,000, and the court, after overruling motions for a new trial and in arrest of judgment, entered judgment against the company for $5,000, and it brings the record here for review by appeal.

We shall consider but one phase of the case as it appears from the facts in evidence as related to the averments of the declaration. The declaration avers in each of its counts that both the defendants, the Gas Company and Day, at the time of the accident and injury to plaintiff, damages for which were sought against both and recovered against the Gas Company, operated and managed the automobile which collided with the motorcycle which plaintiff was riding and operating at the time of the collision. The defendant Day, and one Cummings, the chauffeur of the automobile which collided with plaintiff's motorcycle, testified as witnesses for both plaintiff and defendant and from their testimony, which is not contradicted, the following facts are deducible:

That the defendant Day was superintendent of the Street Meter Department of the Gas Company; that the chauffeur, Cummings, was not under his charge or subject to his orders or directions; that on the day of the accident Day had a bad cold and left his employment with the intention of going to his home; that he lived at Winnetka and had the use of a car owned by the company in which he intended to go to his home; however, as he was going from the Gas building to the street he met the witness, Cummings, who was a chauffeur in the employ of the company and operated a pay car. Cummings had been driving his pay car in the south division on that morning and at the time he was accosted by Day was waiting to

make another trip. Day told Cummings that he was ill and was going home in his touring car and remarked, "I suppose it will mean the death of me for me to ride home in my open car." Thereupon Cummings suggested that as the pay car had only a small pay roll to attend to that afternoon he would speak to the paymaster and see if he could arrange to take Day home in the closed pay car and have the paymaster use Day's touring car and chauffeur. The paymaster gave his consent and the change was made. Day's chauffeur took Cummings' place on Day's car and Cummings drove Day to his home in Winnetka in the pay car and left him at his home. At the time of the accident the car in charge of Cummings was on its return journey to the garage of the Gas Company at Chicago.

On this evidence and in these circumstances can it be said that the company's pay car was at the time of the accident being operated by the company? We think not. The automobile was loaned by the company to Cummings, a chauffeur, to do something which was not in the course of his employment or the business which the company engaged him to transact. When the accident occurred Cummings was on the return journey from Winnetka, where he had left Day, and in so doing was not engaged in the business for which he was employed. It therefore follows that as Cummings at the time of the accident was not engaged about the business of the company, the company is not liable in an action for damages resulting from his negligence. The rule is well stated in *Morier v. St. Paul, M. & M. Ry. Co.*, 31 Minn. 351, thus:

"The doctrine of the liability of the master for the wrongful acts of his servant is predicated upon the maxims, '*respondeat superior*' and '*qui facit per alium facit per se.*' In fact, it rests upon the doctrine of agency. Therefore, the universal test of the master's liability is whether there was authority, express or implied, for doing the act; that is, was it one done

in the course and within the scope of the servant's employment? If it be done in the course of and within the scope of the employment, the master will be liable for the act, whether negligent, fraudulent, deceitful, or an act of positive malfeasance. Smith, Mast. & Serv. 151. But a master is not liable for every wrong which the servant may commit during the continuance of the employment. The liability can only occur when that which is done is within the real or apparent scope of the master's business.''

We think this case comes within the ruling in *Slater v. Advance Thresher Co.*, 97 Minn. 305, and *Miller v. National Automobile Sales Co.*, 177 Ill. App. 367. In the *Miller* case, *supra*, the automobile which caused the accident was owned by the defendant, and the evidence showed that one J. D. Wiener was its acting president and business manager; that on the day of the accident Wiener, accompanied by his son and daughter, started for his home in one of defendant's machines. At the time of the accident Wiener had quit his business affairs for the defendant company and was operating the machine for his own personal use, namely, to take his children home and have a drive; and it was held that as Wiener at the time of the accident was not engaged in the business of the defendant and the act done not in any way within the scope of his employment, there could be no recovery.

In the *Slater* case, *supra*, the automobile was being operated by the servants of the defendant for their own personal matters and not on any errand or business of the owner. It was held there could be no recovery against the owner, and the judgment was reversed with directions to the trial court to enter a judgment on the merits for the defendant.

In *Clark v. Buckmobile Co.*, 107 N. Y. App. Div. 120, the general manager of an automobile company took a day off and went out of town. On his return he telephoned requesting that another employee come to the depot for him with an automobile of the company.

This was done, and while the automobile was on the way from the depot with the manager of the company and his children the accident occurred. The judgment of the trial court was reversed upon the ground that in order to establish liability the persons must not only be general employees of the defendant, but must be employed in the defendant's business and not merely in their own recreation and pleasure at the time the injuries are caused.

In *Pennington v. Grand Trunk Western Ry. Co.*, 277 Ill. 39, it is laid down as a rule of practice for this court that it may reverse without remanding when one of two conditions is presented by the record, viz.: Where this court finds the facts in controversy different from those found by the trial court, and also where it reverses for errors of law which cannot be obviated or cured on another trial. The questions which we here decide are mixed questions of fact and law. In applying the law to the facts we find that there is no actionable liability proven against the defendant Gas Company, while the trial court evidently found as a fact that the liability of the company had been established by such evidence. In these findings we differ from the trial court and hold that the proofs under the law exculpate the defendant company from any liability for the accident appearing from the several counts of the declaration. We are also of the opinion that the errors of law for which we reverse the judgment can be neither obviated nor cured on another trial.

As the testimony proves that the chauffeur, Cummings, was not engaged in the business of the defendant at the time of the accident, and that the act done was not within the scope of his employment with defendant, the judgment of the Superior Court is reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of fact. The court finds as an ultimate fact that the defendant did not operate or manage the automobile in question at the time of the accident and injury to plaintiff set out in the declaration and each count thereof.