EDNA MOREHOUSE *vs.* THE MOREHOUSE BROTHERS
COMPANY.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A corporation organized to buy and sell building materials, is not liable
in damages for personal injuries received by a guest while riding at
night in its automobile upon the invitation of its president, who
had, for the time being, appropriated the car merely for the pleasure
of his own family. Under such circumstances, neither the president
nor the operator of the car, although an employee, is acting within
the scope of his employment.

Argued October 25th—decided November 17th, 1923.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligence of a
servant of the defendant, brought to the Superior
Court in New Haven County and tried to the jury
before *Marvin, J.;* verdict for the plaintiff to recover
$12,500, which, upon the defendant's motion, was set
aside, and from this decision of the trial court the
plaintiff appealed. *No error.*

*Cornelius J. Danaher*, for the appellant (plaintiff).

*William B. Ely*, for the appellee (defendant).

CURTIS, J. This is an action by a passenger in an
automobile owned by the defendant company, to re-
cover damages for injuries caused by the negligent
driving of the operator of the car, alleged to be a servant
or agent of the company.

After the plaintiff rested, the defendant introduced
in evidence only the certificate of organization of the
defendant company, which contained this article:

Article 2. "The purpose for which it is constituted is to buy, sell and deal in lumber and all kinds of building materials and supplies, to make and execute all kinds of building contracts, to build buildings and other structures of whatever materials composed, to do all kinds of carpenter and joiner work, wood work, mason work and painting, to purchase, lease, receive and convey and dispose of in any and every manner all property, real and personal, which may be necessary or convenient . . . to be done in the management and prosecution of said business."

The evidence of the plaintiff disclosed the following facts. Andrew C. Morehouse, the father of the plaintiff and of Walter F. Morehouse, the operator of the automobile, was president and general manager of the defendant company, and resided in Meriden. On the evening of June 22d, 1922, Andrew C. Morehouse, at his home, told his son Walter to take an automobile of the defendant and take his sister, the plaintiff, and several young people to Momauguin, a seaside resort on the Sound, upon a pleasure trip. His son Walter did as directed, and upon the trip drove the car off the road into a rock and tree under circumstances from which the jury reasonably found that he was negligent, as alleged, and thus caused the injuries received by the plaintiff. There was evidence from which the jury could reasonably have found that on June 22d, Walter was in the employ of the defendant company.

It appears from this recital that in driving the automobile on the evening in question, Walter was not driving it as a servant of the defendant company engaged in the prosecution of its business and acting in pursuance of his employment, unless the fact that his father, the president and general manager of the company, directed him to use the car for such pleasure purpose made his operation of the car that of a servant of the company

engaged in the prosecution of its business and acting in pursuance of his employment.

The claim of the plaintiff is, in effect, that a president and general manager of a company has, by virtue of his position, authority to use an automobile of the company at any time for any purpose whatever, and that such use will be of necessity a use in pursuance of the business of the company and within the scope of his employment; and that this is so whether he personally uses the car or directs another to use it.

The law is not as claimed by the plaintiff. The president and general manager of a company is not the company; he is an employee and agent of the company, and to make the company responsible for his acts, they must be acts done in the prosecution of its business and in pursuance of his employment; this result will follow when it is shown that his acts are so related to his duties as president and general manager that they may reasonably be held to have been done in the prosecution of the business of the company and while he was acting within the scope of his employment.

If the father in this case had driven the automobile of the company and negligently caused injuries to occupants of the car, it could not have been reasonably found upon the evidence that he was engaged in the prosecution of its business and acting within the scope of his employment, while driving his children and others on a pleasure trip. If the president and general manager of the company in driving the car on the occasion of this accident would not have imposed liability on the company, such liability would not be so imposed by any other person directed by him to so use the car. The authorities abundantly support this ruling. *O'Rourke* v. *A-G Co., Inc.*, 232 Mass. 129, 131, 122 N. E. 193; *Slater* v. *Advance Thresher Co.*, 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; *Gewanski* v. *Ells-*

*worth,* 166 Wis. 250, 164 N. W. 996, 17 N. C. C. A. 773, 782; *Power* v. *Arnold Engineering Co.,* 142 N. Y. App. Div. 401, 126 N. Y. Supp. 839; *Clark* v. *Buckmobile Co.,* 107 N. Y. App. Div. 120, 94 N. Y. Supp. 771; *Martinelli* v. *Bond,* 42 Cal. App. 209, 183 Pac. 461; *Szszatkowski* v. *Peoples Gas Light & Coke Co.,* 209 Ill. App. 460.

There is no error.

In this opinion the other judges concurred.