ROBERT W. WELLS vs. THE NEW YORK, NEW HAVEN
AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

A master owes to his servant the duty to exercise reasonable care
in providing a safe place and instrumentalities for his work,
which includes maintenance and reasonable supervision; beyond
this, the risks of the employment are upon the servant.

The fellow-servant rule is not a defense in actions under the Federal
Employers Liability statute, if the act of the fellow-servant was
within the scope of his employment.

In the present case, the plaintiff's fellow-servant, who was expressly
forbidden by the defendant to operate locomotives and who had
been twice reprimanded for so doing, negligently started an
engine upon which the plaintiff was working so that he was
thrown to the ground and injured. *Held* that the trial court
properly directed a verdict for the defendant, since the act of
the fellow-servant was obviously beyond the scope of his em-
ployment and could not have been prevented by the exercise
of reasonable supervision.

Argued March 5th—decided April 3d, 1925.

ACTION under the Federal Employers Liability Act,
to recover damages for personal injuries alleged to
have been caused by the defendant's negligence,
brought to the Superior Court in Hartford County and
tried to the jury before *Wolfe, J.;* the court directed a
verdict for the defendant, and from the judgment ren-
dered thereon the plaintiff appealed. *No error.*

*John C. Blackall,* with whom, on the brief, was *Ed-
ward W. Broder,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellee (defendant).

WHEELER, C. J. The jury might reasonably have found these facts: The plaintiff was employed in defendant's roundhouse in East Hartford in providing the fire, water and steam for the engines in the roundhouse. He boarded an engine, which had been bulletined as going out at this time, for the purpose of fulfilling his duties, just after Hyman, an employee of the defendant in this railroad yard, had boarded the same. Hyman informed plaintiff he was going out with this engine, and without notice to plaintiff started the engine with a jerk before plaintiff had gotten off, and by reason of the sudden start he was thrown to the ground and the engine ran over his hand, for the injury to which this action is brought. Hyman's work for defendant in this yard did not require him to operate the engines, indeed, the rules of defendant in force expressly forbade him to operate an engine. He had, in violation of the rules, operated an engine twice in the several years of his employment by defendant, and on each violation had been reproved by its foreman. The plaintiff claimed that his injuries directly resulted from the engine having been started by Hyman without notice to him. He also claimed that his fall resulted from Hyman's having caused the engine cab to be filled with steam as plaintiff was about to step to the ground. The jury would not upon the evidence have been justified in finding that the injuries to plaintiff resulted in whole or in part from the escape of steam. The appellant concededly was engaged in, and this engine was engaged in, interstate commerce at the time of this accident, and hence plaintiff's action is governed by the Federal Employers Liability Act. The jury, having found that the cause of plaintiff's fall and injuries was due to his fall from the engine which was

caused by Hyman's act in starting the engine with a jerk and without notice to him that he was about to start the engine, as was the practice, might have found Hyman negligent in such operation of the engine, and that his negligence was the proximate cause of plaintiff's injuries to which he did not materially contribute.

Defendant plead, but does not now press its defense, that the plaintiff had assumed the risk of the injury incurred by him in voluntarily selecting a dangerous method of doing his work. The evidence affords no possible basis for such claim. The real defense of the defendant lies in its denial of responsibility for Hyman's acts in operating this engine. He was not employed to do this work, nor had he been directed to do it, nor did he act under emergency in the protection of his employer. He acted outside the scope of his employment and in direct opposition to the rules of his employer. The liability of the defendant is to be determined by ascertaining whether there has been on its part a breach of duty owed the servant. "All the risk of the service not in violation of the master's legal duty, the servant . . . takes upon himself. For such risk of service the master incurs no liability, not because the servant has assumed the risk but because the master owes no duty in reference to it." *Belevicze* v. *Platt Bros. & Co.*, 84 Conn. 632, 637, 81 Atl. 339; *Gerardi* v. *Driscoll,* 88 Conn. 16, 20, 89 Atl. 892; *Morehouse* v. *Morehouse Brothers Co.,* 99 Conn. 720, 122 Atl. 791.

The duty of the defendant toward the plaintiff at the time of the accident was to use reasonable care to provide a safe place and instrumentalities for his work. "This duty was a continuing one, and hence included that of maintenance which necessarily involved that of reasonable inspection and care." *Belevicze* v. *Platt Bros. & Co.,* 84 Conn. 632, 636, 81 Atl. 339. Had plain-

tiff suffered injury in consequence of Hyman's negligence while engaged in the scope of his employment to which plaintiff had not materially contributed, the defendant would be liable since the fellow-servant rule has no application to a case falling under the Federal Employers Liability Act, and defendant would have breached its duty to use reasonable care to provide plaintiff a safe place for his work. Since Hyman was not at the time of this accident engaged in the performance of his duty to defendant, but had departed from such duty and was engaged in serving his own purposes, defendant owed no duty to plaintiff to prevent Hyman from acting as he did unless it had failed to exercise reasonable supervision of the engine, which would have prevented Hyman's operation of the engine. The engine was partly in the roundhouse and partly outside in its accustomed and proper place, it was in order and ready to be operated. To have workmen in the yard for the purpose of keeping persons from operating the engine would have required the keeping of a guard over each engine, a wholly impracticable method of carrying on the operations of this railroad yard and roundhouse, and one for which we find no support in the evidence. The defendant's method of conducting its business in this roundhouse and yard accorded with good practice and its supervision of its engines was all that reasonable care required. The defendant owed no other duty of supervision than it performed. Hyman had for the time departed from defendant's employment and was engaged in his own purposes. The conclusion to be drawn from the nature and extent of his deviation is not doubtful and hence is not a question of fact but of law. An employer cannot be held liable for injuries resulting from his employee's negligent acts unless he be at the time engaged in the execution of his employer's business. *Loomis* v. *Hollister*, **75**

Conn. 718, 723, 55 Atl. 561; *Fiske* v. *Enders,* 73 Conn. 338, 340, 47 Atl. 681; *Ritchie* v. *Waller,* 63 Conn. 155, 162, 28 Atl. 29.

There is no error.

In this opinion the other judges concurred.