## The Metropolitan Cleaners & Dyers, Incorporated, *vs.* Josephine Tondola.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued December 4th, 1931—decided January 26th, 1932.

*Louis Sperandeo,* for the appellant (defendant).

*John T. Monzani,* for the appellee (plaintiff).

Avery, J. 'Error is assigned in the refusal of the court to set aside the verdict returned by the jury in favor of the plaintiff, also in certain rulings upon evidence and in the charge of the court.

From the evidence, the jury might reasonably have found the following facts: On the morning of September 5th, 1928, a Studebaker truck, owned by the plaintiff, was parked on Cherry Street, Waterbury, on the right-hand side of the road, a considerable distance east of the intersection of North Elm Street. Its driver was in one of the adjoining stores, transacting business of the plaintiff. While the driver was absent, defendant's car was coming down North Main Street, with a load of furniture belonging to James Hall, and, as it turned from North Square into Cherry Street, it col-

lided with the standing truck of the plaintiff, damaging it. The defendant was the registered owner of the Ford.

September 4th, 1928, Hall arranged with a young man in New Haven to transfer his furniture, in a truck, from Waterbury to New Haven. On the following day, Hall met the young man early in the morning, rode with him from New Haven to Waterbury, went to Hall's home, and loaded the furniture; and, with the young man and another, started to return to New Haven with the load. The accident occurred as they were proceeding toward New Haven. There is no evidence in the case to show that the young man, who was driving the truck, was the defendant's son, or that he was, at the time, engaged upon her business and acting as her servant or agent, except certain statements made by the young man before and after the accident.

Hall, called as a witness by the plaintiff, was asked whether, as he was proceeding from New Haven to Waterbury in the truck before the accident, a statement was made by the driver as to who employed him. The question was objected to on the ground that agency could not be proved by statements of the agent. The objection was overruled and exception taken. The same witness was further asked by the plaintiff whether, shortly after the accident, he went with the operator of the Ford to a telephone booth, and heard him call up New Haven; and, over objection on the same ground, was permitted to testify that the operator called New Haven, and said: "Hello, is Ma there; tell her I want to talk to her" in English; and held some further conversation in Italian, which Hall did not understand. A witness, William Likely, over objection, was permitted to testify that he heard the same conversation over the telephone.

The witness, Hall, was further permitted to testify, over objection by the defendant, that after the accident, while he was riding to New Haven with the operator of the truck, he stated to him that he did not think the latter ought to be paid, and the operator stated that his mother would be angry if he did not get the money after all the trouble they had had.

These statements by the driver of the truck were offered for the purpose of proving agency and were inadmissible for that purpose. They were made by him in absence of the defendant, and, as far as appears, without her knowledge. An agency cannot be thus proved, as against others than the declarant, by the declarations of the agent. The agency must be proved in some other way before the declaration of the agent can be admissible against his principal. The name of the driver of the Ford truck does not appear in the evidence, or that he was defendant's son; nor does it appear that he called up the defendant on the telephone, or with whom his telephone conversation was had. Even if the driver had in express terms held himself out as the agent of the defendant, such a representation, in the absence of facts estopping her from denying it, would not be admissible to prove agency. *Fitch* v. *Chapman,* 10 Conn. 8, 12; *Butte Hardware Co.* v. *Wallace,* 59 Conn. 336, 342, 22 Atl. 330; *Coe* v. *Kutinsky,* 82 Conn. 685, 688, 74 Atl. 1065. There was prejudicial error in the rulings on evidence complained of.

As a new trial must be had for the reasons indicated, it is unprofitable to discuss the ruling on the motion to set aside the verdict or the claimed errors in the charge, which will not be likely to recur on a retrial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.