George Bailey et als. *vs.* Adolf Bobecki et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 2d—decided June 13th, 1933.

*Josiah H. Peck,* for the appellant (defendant).

*Bernard L. Alpert,* with whom, on the brief, was *Monroe S. Gordon,* for the appellees (plaintiffs).

Per Curiam.   The defendant Mary Lascinski owned a farm upon which the defendant Bobecki held a second mortgage.   The plaintiffs are real-estate brokers and claimed that Bobecki, acting as agent for Mrs. Lascinski, requested them to find a purchaser for the farm, and that they did find a purchaser who was ready, able and willing to buy the farm upon the terms prescribed by the owner.   The trial court found that Bobecki was the authorized agent of Mrs. Lascinski, and that through him the plaintiffs were employed to sell the farm and did procure a purchaser for it.

One of the plaintiffs was permitted, over objection, to testify that Bobecki told him that he had full au-

(653)

thority from Mrs. Lascinski to sell the farm. This ruling is assigned as error.

It is well settled that agency cannot be proven by the declarations of the alleged agent. *Metropolitan Cleaners & Dyers, Inc.* v. *Tondola,* 114 Conn. 244, 158 Atl. 240; *Commercial Investment Trust, Inc.* v. *Carrano,* 104 *Conn.* 302, 132 Atl. 870; *Coe* v. *Kutinsky,* 82 Conn. 685, 74 Atl. 1065. The plaintiffs state in their brief that the only question involved is whether the authority of an agent to act for his principal must be shown before evidence may be admitted to show what the agent did and said in connection with his agency. It is true that the order in which evidence is received is largely in the discretion of the trial court, and that in the exercise of its discretion the court may receive evidence of such declarations subject to subsequent proof of the authority of the agent. The declarations of Bobecki as to what he did in connection with the negotiations for the sale of the farm were admissible, provided it was established by other evidence that he was acting as the agent of Mrs. Lascinski. But the court admitted in proof of his agency, not only his declarations of what he did, but his declarations that he had authority from her to sell the farm. This was error. The court has found other facts upon which it might have relied in reaching its conclusion that Bobecki was acting with the authority of Mrs. Lascinski, but we cannot know that that conclusion was not based upon the inadmissible testimony. The question of the agency of Bobecki was one of the main issues in the case, and the admission of his own declarations in proof of it must be held to have been harmful error.

There is error, and a new trial is ordered.