## NADIA PITOEFF BURKETT *v.* GEORGE I. BURKETT.

### No. 4026.

Submitted December 17, 1957.     Decided January 6, 1958.

Rice, C. J., Stainback and Marumoto, JJ.

### OPINION OF THE COURT BY STAINBACK, J.

The libelant-appellee was granted a decree of absolute divorce upon the ground of grievous mental suffering and awarded the custody of the only child of libelant and libelee.

The libelant had previously been twice married and divorced. The appellant alleges as error the rejection by the court of appellant's offer to prove the prior marriages and divorces, contending that such evidence was admissible on the ground it would show an irresponsible and frivolous attitude toward matrimony upon the part of appellee, citing Wigmore, *Pocket Code of Evidence* 1910, Rule 66, page 92, as follows:

> "Wherever a habit or system or plan or course of conduct of a person or class of persons is material, or

is relevent under Rule 36 (ante, sec. 170) to evidence the probable doing or not doing of a particular act, it may be evidenced by specific instances of similar conduct, provided the other acts have such common features with the case in hand as to indicate a plan, habit, or course of conduct which includes it."

The trial court rightfully refused to permit an inquiry into the previous marriages and divorces of libelant.

In *Hays* v. *Hays,* 123 S. W. (2d) 968 (Texas), the Supreme Court of Texas held the fact libelant had been twice divorced was immaterial and properly excluded it.

So, in *Bosworth* v. *Bosworth,* 40 A. (2d) 186 (Conn.), the Connecticut court stated that in civil action the character and reputation of the parties is deemed irrelevent as the inferences which might be drawn therefrom are too vague and uncertain to be worthy of consideration. As stated by the court, "The business of the court is to try the case and not the man." In the *Bosworth* case the court even went to the extent to hold that the admission of evidence that defendant's former wife obtained a divorce on the ground of intolerable cruelty was reversible error. As stated in the opinion:

"The finding of the trial court contains no recitation of the fact of the earlier divorce, and we may not know what weight it gave the evidence in its decision. We must assume, however, that the court, having ruled that the evidence was material, weighed it with the other evidence in arriving at its conclusion. Bailey v. Bobecki, 117 Conn. 653, 654, 166 A. 677. Clearly the evidence was not admissible and for the reasons suggested we may not say it was harmless."

The court properly excluded an attempt to retry the two former divorce cases of the wife.

Another ground alleged as error is that there was an absence of corroboration of libelant's testimony relative

to grievous mental suffering. Apparently the libelee refers to the fact there was no testimony of other witnesses relative to the acts by libelee complained of as constituting grievous mental suffering.

Some States by statute require corroboration of libelant's charges. This is for the purpose of preventing divorces through confession or through connivance between the parties. We have no statute requiring such corroboration although we do have a statute that a divorce may not be granted upon admissions of libelee.

As stated in 7 Wigmore, 3d Ed., *Evidence,* section 2046, page 288:

"Accordingly, it seems clear that, so far as the testimony for the *complainant* in divorce is concerned, no common law principle requires that a second witness or corroborating circumstances be brought, either to support *ordinary* testimony or to support the *complainant's* own testimony."

Further, some of the acts complained of by libelant (as the refusal of sexual intercourse) could not by their very nature be corroborated by testimony of witnesses other than the libelant. In fact many, if not most, acts of cruelty are committed in the privacy of the home.

As stated by the Supreme Court of Missouri in *White* v. *White,* 180 S. W. (2d) 229, there is no inflexible rule that a divorce cannot be granted upon the uncorroborated evidence of the prevailing party.

Even where there is a statute requiring corroboration, if the tending proof convinces the court that plaintiff's testimony on the whole was true, the court said:

"Since the purpose [of the statute] is to prevent collusion, greater liberality is justified where the divorce is fervently contested." (*Gerard* v. *Gerard,* 13 N. W. [2d] 606, 608 [Minn. 1944].)

as was the situation in the instant case.

Obviously, the trial court gave credence to the testimony of the libelant and not to that of the libelee. He was in a position to weigh the credibility of the witnesses and weight of the evidence; his findings will not be reversed unless palpably contrary to the evidence, and they are not.

Affirmed.

*Richard D. Welsh* for libelee-appellant.
*John F. Alexander* for libelant-appellee.