## CHARLES N. BAPTIST *v.* DAVID SHANEN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 8—decided October 28, 1958

*Philip H. Smith,* for the appellant (plaintiff).

*Adrian W. Maher,* with whom was *James J. Maher,* for the appellee (defendant Harold's Auto Service, Inc.).

DALY, C. J. The plaintiff brought this action against the named defendant and Harold's Auto Service, Inc., formerly known as Harold and Shanen's Auto Service, Inc., and hereinafter referred to as the defendant corporation. The suit was instituted to recover damages for injuries alleged to have been sustained by the plaintiff in Stamford at about 8:30 p.m. on December 26, 1952, in consequence of the negligence of the named defendant while he was operating his automobile as the agent of the defendant corporation. There was no allegation that the corporation was the owner of the car. Thus it is unnecessary for us to consider whether the rule of cases such as *Dunn* v. *Santamauro,* 119 Conn. 307, 308, 175 A. 913—that a certificate of registration is prima facie evidence of ownership—is applicable in its full extent in the case of a registration issued to a dealer which, under certain circumstances, may be properly used in the operation of cars not owned by the dealer. For the same reason, the pleadings rendered inapplicable General Statutes § 7905, which raises a rebuttable statutory presumption that the operator of a motor vehicle is the agent of the owner. The named defendant made default of appearance and the jury returned a verdict for $45,000 against him. The court directed a verdict for the defendant corporation, and refused to set it aside, on the ground that there was no evidence from which the jury could have found that at the time of the accident the named defendant was, as the agent of the defendant corporation, operating his automobile in the course of his employment. From the judgment en-

tered on the verdict for the defendant corporation the plaintiff has appealed. In and by his first assignment of error, he contends that the court erred in directing the verdict.

Documents offered by the plaintiff were received in evidence. One of these exhibits was a copy of part of the application made in April, 1952, by the defendant corporation for a used-car dealer's license. It was stated in it that the named defendant was the president of the defendant corporation. It showed that license plates QB 39 were issued to the defendant corporation. In the certificate of incorporation, a copy of which was one of the plaintiff's exhibits, dealing in new and used automobiles was declared to be one of the businesses to be carried on by the defendant corporation. Another plaintiff's exhibit was a copy of the certificate of organization. It was dated April 3, 1952, and showed that the named defendant was one of the original subscribers to stock; that he subscribed for twenty-eight of the thirty shares issued; and that he was the president and a director of the defendant corporation on April 3, 1952. In the report of the accident made by the named defendant and filed in the motor vehicle department, he stated that he was the owner of the car operated by him and that license plates QB 39 were displayed on it. This report was introduced in evidence by the plaintiff. He did not, by his documentary evidence, prove that the named defendant was acting as the agent of the defendant corporation at the time of the accident.

The plaintiff testified that the named defendant, after he had driven his car head-on into the one owned and operated by the plaintiff, spoke as follows: "It's all my fault, Mister, it's all my fault. I'm . . . drunk." The plaintiff further testified: "Mr.

Shanen offered to pay for my damages immediately. He had quite a sizeable roll of money. How much, I don't know. He pulled it out and he said, 'Help yourself. I'll pay for your car.' Then he said, 'Well, you don't have to worry, I'm insured. All our cars are insured so you'll get paid anyhow.' Shanen said that he was out trying to do some business with the boys. Said, 'You know my line of business. I sell cars, buy and sell cars.' And when I said to him, 'Well, how come you're drunk?' well he said, 'You know my line of business. I have to take a few drinks with the boys.' That's what was said then."

Donald Knapp, a witness for the plaintiff, testified that he sold cars to the named defendant in 1952; that they were purchased in the name of the defendant corporation when its name was Harold and Shanen's Auto Service, Inc.; that it was probable that he had made an appointment to have a business conference with the named defendant on the evening of December 26, 1952; that he made numerous telephone calls every day; and that it was hard to recall specifically.

If the evidence offered by the plaintiff is conceded to be sufficient to prove that the named defendant was the president of the defendant corporation on the day of the collision, it is not evidence of the fact that he was, at the time of the accident, driving his automobile as the agent of the corporation and in the prosecution of its business. To make the corporation responsible for his acts, they must be done in prosecution of its business and in pursuance of his employment. The corporation is only liable for the acts of its president if it is shown that his acts are so related to his duties as president that they may reasonably be held to have been done in the prosecution of the business of the corporation and

while he was acting within the scope of his employment. *Morehouse* v. *Morehouse Bros. Co.*, 99 Conn. 720, 722, 122 A. 791. Even if it is assumed that the testimony of Knapp can be liberally construed as evidence of the fact that he had previously made an appointment with the named defendant for a business conference to be held on the evening of December 26, 1952, there was no evidence that the named defendant was on his way to or from such a conference. The fact that license plates issued to the defendant corporation were displayed on the car of the named defendant was not evidence of the fact that he was operating his automobile as an agent of the corporation in the prosecution of its business.

The plaintiff alleged in his complaint that the named defendant was, as agent of the defendant corporation, operating his automobile in the course of his employment. The corporation's denial of these allegations placed upon the plaintiff the burden of proving them. *Daly Bros., Inc.* v. *Spallone,* 114 Conn. 236, 241, 158 A. 237. We are not called upon to determine whether the oral statements claimed to have been made by the named defendant to the plaintiff were, if examined in the light most favorable to the plaintiff, such that the jury could reasonably have concluded that the named defendant was, as agent for the corporation, operating his automobile in the course of his employment. The oral statements were inadmissible for the purpose of proving agency. The agency must be proved in some other way before the declarations of the agent can be admitted against the principal. Even if the named defendant had in express terms held himself out as the agent of the defendant corporation, such a representation, in the absence of facts estopping the latter from denying it, would not be admissible to

prove agency. *Metropolitan Cleaners & Dyers, Inc.* v. *Tondola,* 114 Conn. 244, 246, 158 A. 240. The fact that the court admitted evidence of the oral statements over the objection of the defendant corporation is of no aid to the plaintiff, since the order in which evidence is received is largely in the discretion of the court. In the exercise of its discretion, the court may receive evidence of such declarations subject to subsequent proof of the agency. *Bailey* v. *Bobecki,* 117 Conn. 653, 654, 166 A. 677. In the instant case there was no such subsequent proof.

"While the direction of a verdict is not favored, it is justified if upon the evidence the jury could not reasonably and legally have reached any other conclusion than that embodied in the verdict as rendered; *Bernardo* v. *Hoffman,* 109 Conn. 158, 159, 145 A. 884; and if, had the verdict been rendered for the other party, the evidence was so weak that it would be proper for the court to set it aside. *Currie* v. *Consolidated Ry. Co.,* 81 Conn. 383, 388, 71 A. 356." *Mott* v. *Hillman,* 133 Conn. 552, 555, 52 A.2d 861. An examination of the evidence in the instant case requires the conclusion that the court did not err in directing the verdict for the defendant corporation and in refusing to set it aside.

In his second assignment of error the plaintiff claims that the court erred in failing to include in the finding its direction to the jury to disregard the portion of the plaintiff's testimony in which he testified that the named defendant had said: "Well, you don't have to worry, I'm insured. All our cars are insured so you'll get paid anyhow." The plaintiff claims that the effect of the court's direction was to reject testimony admissible to show fault and agency. When the plaintiff was asked by his counsel to state the substance of the named defendant's remarks

made at the scene of the collision, an objection was made. The court overruled the objection, and an exception was taken to the court's ruling. The plaintiff's answer to the question contained the statement quoted above. Thereafter, in the absence of the jury, the court stated to counsel that it would direct the jury to disregard that portion of the plaintiff's testimony. Counsel for the plaintiff then said: "I appreciate it, your Honor . . . ." The court directed the jury to disregard the reference to insurance. No objection was made to the court's giving the direction. Furthermore, the plaintiff has not assigned the court's instruction to the jury as error. The court did not err in failing to include in the finding its direction to the jury.

In his third assignment of error the plaintiff contends that the court erred in ruling on evidence. Section 398 of the Practice Book provides that, in a case tried to the jury in which a finding is necessary, the party appealing shall file a request for a finding and annex thereto a draft of his proposed finding, in substantial conformity to Form 559 B so far as that is applicable. Form 559 B contains a statement of the facts which the plaintiff claims to have proved. The finding in a case tried to the jury is a narrative of the facts claimed to have been proved on either side, made for the purpose of fairly presenting claimed errors in the charge or in rulings of the court. *Castaldo* v. *D'Eramo,* 140 Conn. 88, 93, 98 A.2d 664. Neither the plaintiff's draft finding nor the finding contains a statement of the facts claimed to have been proved by the plaintiff. Claimed errors in rulings on evidence in a jury case cannot be determined by us unless we have before us the findings of facts claimed to have been proved by the plaintiff. *Munson* v. *Atwood,* 108 Conn. 285, 289, 142 A. 737.

The plaintiff claims that the court erred in failing to include in the finding an excerpt from the memorandum of decision on his motion to set aside the directed verdict. The memorandum of decision is printed in, and made a part of, the record as required by § 407 of the Practice Book. The practice of making the memorandum of decision a part of the finding has been emphatically discountenanced. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41, 82 A.2d 152; *Munson* v. *Atwood,* supra, 290.

There is no error.

In this opinion the other judges concurred.