The First National Bank and Trust Company of New Haven *v.* Herbert C. Roehl, Sr., et al.

Herbert C. Roehl, Sr., et al. *v.* Paul Ambeltsiotis

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued December 3, 1958—decided January 27, 1959

*Charles G. Albom,* with whom, on the brief, was *Joseph R. Apter,* for the appellants (defendants in the first case and plaintiffs in the second).

*Elliott R. Katz,* for the appellee (defendant in the second case).

*Frederick L. Greenberg,* for the appellee (plaintiff in the first case).

MURPHY, J.  In March, 1955, the First National Bank and Trust Company of New Haven, hereinafter referred to as the bank, brought suit against Herbert C. Roehl, Sr., and his wife, Mae F. Roehl, to recover the face amount of a note for $825.48 dated December 27, 1954, plus attorney's fees as provided in the note.  In November, 1956, the Roehls instituted an action against Paul Ambeltsiotis, the payee of the note upon which the bank had sued. From the manner in which this complaint has been drafted, it is extremely difficult to determine the nature of the cause of action.  We will consider it, as the court below apparently did, as an attempt to allege wrongful completion and negotiation of the note and failure by Ambeltsiotis to carry out an agreement entered into when the action upon the note was originally reached for trial on November 22, 1955.  The trial court rendered judgment against the Roehls in both cases and they have appealed.

The facts in these cases are these: On November 21, 1954, Ambeltsiotis was a distributor of aluminum windows and doors in New Haven, doing

business as the Stormaster Window Company. Two
of his employees were John A. Frederick, an in-
staller, and William Merico, a salesman. Frederick
was then a prospective son-in-law of the Roehls. He
has since married their daughter. Mr. Roehl was
the owner of the family home at 279 Lenox Street,
New Haven. At his request, Frederick had arranged
to purchase, for him, thirty-two storm windows and
a door with a grille from Ambeltsiotis at dealers'
prices, the installation to be made by Frederick.
Merico demonstrated the windows to the Roehls and
made the necessary measurements as a favor to
Frederick. On November 21, Merico filled out, and
Roehl signed, a contract to purchase the windows
and door for $697.83. Roehl also filled out and
signed an application to the bank for a property im-
provement loan. It contained pertinent information
concerning his financial condition. Subsequently,
the windows were delivered and Mrs. Roehl signed a
borrower's completion certificate which recited that
all of the articles had been furnished and installed
and that the work had been satisfactorily completed.
On December 27, 1954, the bank discounted a note
for $825.48 made payable to Ambeltsiotis in monthly
instalments of $22.93 on the tenth of each month
starting February 10, 1955. The note bore the ad-
mitted signatures of Mr. and Mrs. Roehl as makers.
It was indorsed on the reverse side by Ambeltsiotis,
who received the $697.83 purchase price from the
bank. The $127.65 difference between the amount of
the note and the purchase price represents interest
on the loan and insurance on the life of Mr. Roehl.
On December 28, 1954, the bank mailed to the Roehls
a notice, which they received, of the amount owed,
together with a coupon book for the payment of the
instalments. The Roehls made no payments on the

note because they claimed, and the court has found, that twenty-one of the windows do not fit and the door has never been delivered.

In the suit by the bank on the note, the Roehls alleged by way of defense that the note had been signed by them in blank on representation that it, together with another paper, would be used solely to determine their credit, and that Ambeltsiotis had fraudulently obtained their signatures and negotiated the note. The defendants not only had to allege but also to prove these facts before the plaintiff had the burden of going forward to prove that it was a holder in due course and not subject to these defenses. Rev. 1949, § 6351 (Rev. 1958, § 39-60) ; *Garris* v. *Calechman,* 118 Conn. 112, 115, 170 A. 789; *Filosi* v. *Crossman,* 111 Conn. 178, 182, 149 A. 774. An issue of fact was presented for determination by the trier. *Hartford National Bank & Trust Co.* v. *Credenza,* 119 Conn. 368, 372, 177 A. 132. That the Roehls failed to prove their allegations is apparent from the court's conclusion that there was no fraud practiced in the execution of the note. The court did not find, as it should have, that the bank was a holder in due course under the provisions of § 6344 of the 1949 Revision (Rev. 1958, § 39-53). It did conclude that the bank was the owner of the promissory note signed by the defendants. We construe this as meaning that the bank was a holder in due course. *Garris* v. *Calechman,* supra.

In the second case, the Roehls did not sue Ambeltsiotis for breach of the contract of sale. They relied upon an alleged stipulation entered into by the bank and the Roehls when the first case was reached for trial on November 22, 1955. Ambeltsiotis was not a party to that suit, was not in court at that time and did not enter into the stipulation. Under

the facts and the pleadings, there was no error in excluding the statements of alleged agents of Ambeltsiotis in the absence of proof of their agency. *Bailey* v. *Bobecki,* 117 Conn. 653, 654, 166 A. 677; *Metropolitan Cleaners & Dyers, Inc.* v. *Tondola,* 114 Conn. 244, 246, 158 A. 240. The conclusion that the Roehls had failed to prove a case against Ambeltsiotis under the allegations of the complaint was fully warranted.

There is no error in either case.

In this opinion the other judges concurred.