## STATE OF CONNECTICUT *v.* DAN M. CREED

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-4346

Argued October 7, 1963—decided January 3, 1964

*Israel Rosenzweig,* of New Britain, for the appellant (defendant).

*Stanley J. Traceski, Jr.,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. In a trial to the court, the defendant was convicted of kindling a fire without a permit in violation of an ordinance (§ 2-9) of the town of Berlin. In his appeal, he assigns error in the court's

denial of requested changes in the finding, in the admission of certain evidence, and in the conclusion that on all the evidence the defendant was guilty of the crime beyond a reasonable doubt. Upon this last assignment of error, we determine from the entire evidence whether the court erred in holding guilt was established by the requisite degree of proof. "It is, therefore, unnecessary to consider in detail the claims of error directed to the finding." *State* v. *Pundy,* 147 Conn. 7, 8.

In considering errors claimed in the admission of certain evidence, we reiterate that when error is directed to the admission of evidence, § 989 (4) of the 1963 Practice Book must be followed. The defendant has failed to follow this rule and has improperly treated the transcript as an exhibit and then referred to pages therein where such errors are claimed to appear. However, since both in argument and brief the defendant has placed great stress on the admission of certain evidence, we will consider his claim as it relates to this evidence, although such consideration is not to be construed as a relaxation of the rules.

The Berlin ordinance (§ 2-9), entitled "Ordinance concerning the Kindling of Fires," provides in general that "[n]o fire shall be made or maintained within the limits of the town . . . [unless certain requirements are met] without obtaining a permit from the proper authority." The ordinance then continues (subsection [8]) : "Any person who shall make or maintain or who shall authorize another to make or maintain a fire in violation of this ordinance shall be fined . . . ."

The facts, with such additions to the finding as are warranted, are as follows: The defendant was president of a corporation operating a car sales showroom in the town of Berlin. On April 8, 1963,

an outdoor rubbish fire was observed on the corporation's property in an area used by it as a dump and located some 75 to 100 feet in the rear of its buildings. The fire was investigated and found unattended. The defendant was not on the premises at this time, and in his absence the service manager was in charge. The service manager took orders from the defendant. The fire was started by two of the corporation's employees. A prior fire in the same area and of a similar nature had been checked by an officer some six days before the instant fire. Some time after the fire had been burning, the defendant appeared at the showroom and was arrested.

The defendant contends that the evidence does not support the conclusion of guilt beyond a reasonable doubt. He argues that since he was absent at the time he could only be found to have violated the ordinance upon adequate proof that he authorized an agent or employee of the corporation to make or maintain the fire. The state does not disagree with this contention but argues that there was adequate proof of such agency, that is, that an agent or agents of the defendant were authorized by him to make or maintain the fire. Both the state and the defendant are in general agreement that the only material evidence of such agency and authority could be found in an alleged conversation between a police officer and the service manager of the corporation. An officer of the Berlin police department assigned to investigate the fire went to the showroom of the corporation and, having observed the fire, consulted the corporation's service manager. The officer testified that he asked the service manager, "Who would start a fire in a case like this?" and the service manager answered, "Anyone has orders from Dan Creed to start a fire to keep rubbish burn——" At this point the defendant objected, claiming such evidence

was hearsay, and he moved it be stricken. Upon being overruled, he took an exception. The state did not claim the question or assign any ground of claimed admissibility. See *Casalo* v. *Claro,* 147 Conn. 625, 629. The question thus presented is whether the trial court erred in admitting this evidence. The state in its brief and argument admits this evidence was hearsay but claims that it was admissible as a statement constituting circumstantial evidence and cites *Jenkins* v. *Reichert,* 125 Conn. 258, 264, in support of its contention. That case was an action for personal injury alleged to have been caused by the defendants' negligence. The plaintiff, in attempting to show that the defendants had knowledge of the existence of a dangerous condition on the property which resulted in the alleged injury, produced a witness who testified that the day before the accident he had informed the defendants' foreman of the condition. This evidence was admitted, although objected to on grounds of hearsay, as tending to impute to the defendants notice of the situation and its potential danger. The rule of notice has no application in the instant case, and furthermore the testimony in the *Jenkins* case, consisted of a statement made by the witness himself.

"It is well established that admissions, statements and declarations of an agent, other than his testimony in the case in which the issue arises, are not admissible to prove agency. Indeed, there must be prima facie proof of agency before such declarations or statements are admissible for any purpose. The general ground of exclusion is that such statements are hearsay . . . ." 2 Am. Jur. 352, Agency, § 445 and cases cited; *Baptist* v. *Shanen,* 145 Conn. 605, 609; *Milne* v. *MacWhirter,* 128 Conn. 683, 687; *Metropolitan Cleaners & Dyers, Inc.* v. *Tondola,* 114 Conn. 244, 246; 2 Wharton, Criminal Evidence (12th Ed.) § 414, p. 173. Nor are such extrajudicial

statements admissible to prove the extent of the authority of an alleged agent. 20 Am. Jur. 508, Evidence, § 598. Parenthetically, it may be added that although there was evidence that two men employed in the body shop had started the fire, neither appeared as a witness, nor was any reason given for their nonappearance. We conclude that the evidence in question was hearsay and should have been excluded. With such testimony excluded, the evidence did not establish guilt beyond a reasonable doubt.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion KINMONTH and KOSICKI, Js., concurred.