CORAL GABLES, INC. *vs.* LEWIS R. HEIM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 1st—decided November 5th, 1935.

*Stephen B. Vreeland* of New York, with whom was *Fred L. Griffin,* for the appellant (plaintiff).

*Norman King Parsells,* with whom, on the brief, was *David S. Day,* for the appellee (defendant).

BANKS, J. On September 12th, 1925, Coral Gables Corporation, a land development company engaged in developing a tract of land in the city of Coral Gables, Florida, entered into a contract with the defendant in which it agreed to sell and he agreed to buy a lot in such development for the sum of $7500. Defendant paid $1875 upon the purchase price and gave his note

for the balance of $5625 dated September 12th, 1925, and payable to the order of Coral Gables Corporation in thirty-six monthly payments of $156.25 each, commencing October 12th, 1925. In its contract Coral Gables Corporation covenanted and agreed with the defendant that "where not already completed, streets will be paved, sidewalks constructed, water mains and electric feed wires installed, all of a kind similar to such improvements in similar completed sections of Coral Gables, and without additional cost to said second party," the defendant. On or about April 1st, 1927, Coral Gables Corporation transferred defendant's note, together with several hundred similar notes given for the purchase of lots having an aggregate value of about $750,000, to the Biscayne Trust Company, as trustee, for the consideration of $600,000, which was at the rate of 83 per cent. of the balance due on the notes. At the same time it transferred to the Trust Company the contracts for the purchase of lots accompanying the notes, including that of the defendant. The Trust Company at that time had knowledge of the terms of defendant's contract. Coral Gables Corporation had not at that time made the improvements which it had agreed to make in its contract with the defendant. On April 1st, 1927, the Biscayne Trust Company transferred defendant's note to the plaintiff, Coral Gables, Incorporated.

Defendant paid $3437.50 on the note up to July 7th, 1927, but claims that the failure of Coral Gables Corporation to complete the improvements which it agreed to make constitutes a defense to the plaintiff's action to recover the unpaid balance of the note. Plaintiff contends that the Biscayne Trust Company was a holder in due course, and claims a right to recover as a holder through a holder in due course

who takes the note free from any infirmities in the hands of the original payee.

The trial court reached the conclusion that the Biscayne Trust Company, having taken the note with knowledge of the terms of the executory contract between Coral Gables Corporation and the defendant, and that a breach of the contract would affect the consideration for the note, stood in no better position than the Coral Gables Corporation. The court thus held that knowledge by an indorsee that the note was given in consideration of an executory agreement by the payee, deprives him of his character as a holder in due course if the payee fails to perform, even though he had no knowledge of a breach of the agreement when he acquired the note. Defendant claims that such is the law of Florida, which it is agreed should control.

The trial court relied upon the case of *Sumter County State Bank* v. *Hays,* 68 Fla. 473, 67 So. 109, as determining the law of Florida, stating in its memorandum of decision, that the present case falls squarely within the principles of law laid down in that decision. In that case the defense to the action upon the note was that the sole consideration for the note was an executory contract, and that at the time of the indorsement of the note to the plaintiff it had notice of the conditions of the contract and that they had been broken. In its reply the plaintiff alleged that it purchased the note immediately after its execution, and had no notice of any breach of the executory contract which was the consideration for which the note was given. A demurrer to this pleading was sustained and the court held that, though the plaintiff had no knowledge of the breach of the contract, its knowledge of the contract and its conditions rendered it not a holder in due course, and said that since the plaintiff

knew that the contract was the consideration for the note, and that a breach of the condition of the contract would affect the consideration for the note, it took no better title than its indorsee. If this were the final pronouncement of the Florida court upon this question it would seem to furnish a sound basis for the conclusion of the trial court that the Biscayne Trust Company, having taken the note with knowledge of the executory contract between the defendant and Coral Gables Corporation, stood in no better position than the latter, regardless of whether it had knowledge of a breach of the contract. Subsequent decisions of that court, however, convince us that it is not now the law of Florida that knowledge by an indorsee that the note was given in consideration of an executory agreement by the payee deprives him of his character as a holder in due course, if the payee fails to perform, where the indorsee had no knowledge of the breach prior to his acquisition of the note.

*Robertson* v. *Northern Motors Securities Co.*, 105 Fla. 644, 142 So. 226, was an action upon a note representing deferred payments under a conditional sales contract. The note and contract were assigned to the Northern Motors Securities Company, which subsequently brought suit to recover the amount due on the note. The maker of the note contended that the sales contract was executory, and that the failure to make the instalment of equipment called for in the contract barred recovery by the indorsee of the note, relying upon the *Sumter County State Bank* case. The court distinguished that case, pointing out that the note in that case was to be cancelled if the terms of the executory contract were not carried out, and held that the indorsee of the note was a holder in due course and entitled to recover the amount thereof against the

maker. The court said (p. 646): "We do not think the contract was executory but, if it was, knowledge by the appellee [indorsee] that the note was given in consideration of such an agreement does not deprive it of its character as a holder in due course, if the appellant [payee] fails to perform when the appellee had no knowledge of the breach at the time of its acquisition of the note." In a concurring opinion in which a majority of the court concurred it was said that the *Sumter County State Bank* case, when properly understood, was not inconsistent with the weight of authority, which was to the effect that when a negotiable promissory note is valid at its inception a default in the performance of an executory agreement between the original parties will not defeat a recovery by a transferee for value before maturity, though he had knowledge of the agreement. See also *B. L. E. Realty Corporation* v. *Shepard,* 107 Fla. 380, 144 So. 880, in which it is said, in an opinion in which the majority of the court concurred, that "the case of *Sumter County State Bank* v. *Hays* cannot be properly held to be authority for the proposition that the holder of a negotiable instrument, who took it for value before maturity, is subject to having his rights as a holder in due course defeated by an attempted defense which is nothing more than a showing that such holder took the instrument with knowledge that the consideration for it was an executory contract or other deal involving the sale of property, unless it be shown in addition that the instrument was taken with knowledge on the part of the transferee at the time of its taking, that there was some defect in the existing executory contract or consideration for it, which rendered that contract unenforceable." The trial court erred in its conclusion that the Biscayne Trust Company was not

a holder of the note in due course because it took it with knowledge of the executory contract between the defendant and Coral Gables Corporation, and that a breach of the contract would affect the consideration of the note.

The defendant claims that, even though the trial court erred in this conclusion, its judgment should be affirmed upon the facts found which, it is claimed, establish knowledge on the part of the Biscayne Trust Company of a presently existing breach of the contract between the defendant and Coral Gables Corporation at the time that the note and contract were transferred to it. The court has found that the Trust Company, at the time the notes were transferred to it, had knowledge of the terms of the contract; that the improvements had not then been made; and that it "must have known that the improvements had not been made." This latter finding is attacked as being made without evidence, but must stand as a conclusion which the court could reasonably reach as an inference from the subordinate facts found. However, the finding that the improvements had not been made when the Trust Company took the note is not a finding that there was then a presently existing breach of the contract to make them. The contract of Coral Gables Corporation did not fix the time within which the contemplated improvements were to be made. The payments to be made by the defendant were to extend over a period of three years from the date of the note and the contract. It is admitted in defendant's answer that the improvements were made in part, and that the defendant, relying upon the performance of the contract, made the payments upon the note which he continued to make up to July, 1927, three months after the note was transferred to the

Trust Company. The court has not found whether or not a reasonable time within which the improvements should be made under the contract had elapsed when the Trust Company took the note, or that the work had been abandoned or discontinued under circumstances which would justify a finding of a present breach of the contract with knowledge of which the Trust Company might be charged. In the absence of some such findings, we cannot conclude as a matter of law from the facts which the court has found that there was a present breach of the contract when the note was transferred, with knowledge of which the Trust Company could be charged. Under the theory upon which the court based its decision it was unnecessary for it to find whether or not there was such a breach prior to the transfer of the note to the Trust Company, or whether, if there was, the Trust Company had knowledge of it.

The defendant suggests that the purchase by the Trust Company of this and other notes for 83 per cent. of their face value indicates that it had knowledge of the infirmity in the notes such that it did not take them in good faith. That inadequacy of consideration may, in connection with suspicious circumstances, justify a finding of bad faith, was held in *Williams & Co., Inc.* v. *Wiltz,* 106 Conn. 147, 150, 137 Atl. 759, and *Sample* v. *Hundred Lakes Corporation,* 107 Fla. 568, 145 So. 193, cited by the defendant, both of which cases ruled that the question was one of fact for the jury. The trial court has not found as a fact bad faith on the part of the Trust Company in the purchase of the notes at 83 per cent. of their face value.

The claim of the defendant that the plaintiff is so affiliated in interest and identity with Coral Gables Corporation that it cannot occupy the position of a holder through a holder in due course was not passed

upon by the trial court, and is not before us upon this appeal.

There is error and a new trial is ordered.

In this opinion the other judges concurred.