## CORAL GABLES, INC.
vs.
## LEWIS R. HEIM

Superior Court          Fairfield County          File #36812

Present: Hon. NEWELL JENNINGS, Judge.

Mead & Mead,                    Attorneys for the Plaintiff.

Marsh, Stoddard & Day,        Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 15, 1937.

JENNINGS, J. A statement of the facts of this case appears in the opinion of the Supreme Court, 120 Conn. 419, and the record on appeal, A—75—373. The execution of the note and the amount of the unpaid balance are admitted. The plaintiff admits that it is not a holder in due course unless it has acquired that status by assignment from a holder in due course. The most important issue was whether or not the Biscayne Trust Company, first indorsee, had notice that the conditions of the contract to secure which the note was given had been breached when it took the paper. A great deal of testimony, by witnesses, by depositions and by exhibits was taken on this question. I have read all of this evidence with care.

Due to the desire of all parties to finish the case on the day of trial, a ruling on the admissibility of the testimony of Mr. Shaw was reserved until I could read the annexed exhibits. It is excluded for the reasons stated in the objection.

The Coral Gables development was started by George E. Merrick in 1921. In 1925, Coral Gables Corporation was organized to take it over. This was just about at the peak of the boom. From then on it went rapidly down hill. No development work was done by the corporation after 1926 and not much after 1925. The undeveloped section of the property (in which the defendant's lot lay) grew up to trees and brush. The few houses there were empty and dilapidated. Such improvements as had been made, disappeared. By 1926, at least, the corporation was financially unable to continue development work and resort was had to the credit of the city for that purpose.

The Biscayne Trust Company is located in Miami, which adjoins Coral Gables. Its officers visited the development. It had done business with Coral Gables since its organization. It was familiar both with its general plans and with the specific covenants contained in the land contract of the plaintiff.

Nothing is clearer than that this contract contemplated the delivery to the defendant of a lot with improvements "all of

a kind similar to such improvements in similar completed sections of Coral Gables and without additional cost to said second party." Under these circumstances the trust company discounted the corporation's note for $750,000. for $600,-000. cash. To find that this transaction was consummated under the circumstances described without actual knowledge that the development in which the plaintiff's lot was situated was abandoned, would be absurd. I find that the trust company had such knowledge and that therefore it is not a holder in due course and took the note in bad faith.

**Sample vs. Hundred Lakes Corporation, 107 Fla. 568.**

**Coral Gables, Inc. vs. Heim, 120 Conn. 419, 425.**

**Williams & Co. vs. Wiltz, 106 Conn. 147.**

While this point is decisive of the case, findings will be made on request on the other points involved in an attempt to finally dispose of the matter. For convenience they are taken up in the order in which they appear in the defendant's brief.

(a) Delivery of the note is sufficiently proven from the exhibits in evidence.

(b) The delivery was unconditional except as noted in the first part of this memorandum.

(c) has been discussed as to taking with notice.

The exact relationship between Coral Gables Corporation and Coral Gables Incorporated is extremely complicated and difficult to ascertain from the evidence in this case. Many of the claims of both parties as stated in their briefs (Reply brief of plaintiff p. 10 and brief of defendant p. 26) do not appear to have sufficient support in the evidence. There is evidence that some of the officers and stockholders are the same and that the property involved is the same. As far as concerns this particular transaction, however, there appears to be no connection between the two corporations. The Biscayne Trust Company made a large loan to Coral Gables Corporation secured by an assignment of notes with land contract attached. It then made these notes the underlying security for a bond issue sold to the public. These notes were subsequently assigned to Coral Gables Incorporated. The latter issued debenture stock to the individual holders of the bonds. All outstanding bonds are held by Coral Gables Properties,

Incorporated. The common stock of the plaintiff is held by Coral Gables Consolidated, Incorporated, but is, and never can be, of any value. Even allowing for some errors in the reconstruction of this remarkable genealogical tree, it seems clear that the beneficiaries of any judgment obtained in actions of this character will be persons who loaned money through the Biscayne Trust Company to Coral Gables Corporation. As such they are not parties to any breach by Coral Gables Corporation.

The general rule established by the cases cited in the **Decennial Digest, Corporations, Key Number 577, 580** appears to require much closer identity than the facts of this case establish in order to bring into operation the rule asserted by the defendant. **Horan vs. Mason, 125 N.Y.S. 668; Gruntal vs. U. S. Fidelity & Casualty Co., 254 N. Y. 468, 473.**

**Coral Gables, Inc. vs. Barnes, 247 Ky. 292, 57 S. W. (2) 18,** appears to go as far in support of the defendant's position as any case cited or found by me but the facts in the case at bar fall far short of the facts found in the Barnes case.

(d)   was not pleaded and is not in issue.

(e)   There cannot be a complete failure of consideration where the right of possession passes to the grantee.

**Piper vs. Cooper-Atha-Bar Co., 113 Fla. 327.**

(f)   is a claim that only that portion of the principal is recoverable which is proportionate to the percentage realized on the loan. This might be true where only one note was involved. Here there were several hundred, each to secure the loan.

Judgment for the defendant.