### JACOB BEHRENS v. HAROLD E. CABLE

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 78148

Memorandum filed August 1, 1949

*Humbert Cofrances,* of Stamford, for the Plaintiff.

*Slavitt & Connery,* of South Norwalk, for the Defendant.

ALCORN, J.  This is an action by an indorsee against the maker of a promissory note.  Regardless of what else may be involved, the first special defense seems to allege facts under which the defendant could offer proof that the defendant gave the note to the payee for the latter's accommodation under a collateral agreement as to when it should become effective, and that the plaintiff, with knowledge of these facts, discounted the note for the payee contrary to the latter's agreement with the maker.  The same allegations are incorporated by reference in the second defense in which the defendant's knowledge of a diversion is reiterated.

The defense thus stated appears to be that the plaintiff is not a holder in due course because at the time the note was negotiated to him he either did not take it in good faith, or he

had notice of an infirmity in it or of a defect in the payee's title. General Statutes § 6344; that the defect consisted in the negotiation in breach of faith, § 6347; and that the plaintiff's notice amounted to actual knowledge. § 6348. The defendant is entitled to make that defense. *First National Bank* v. *Fairfield Auto Co.,* 91 Conn. 260; *Hartford National Bank & Trust Co.,* v. *Credenza,* 119 Conn. 368.

The demurrer is overruled. *Folwell* v. *Howell,* 117 Conn. 565, 568.