[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#118)
The court has for its consideration the defendants' motion for summary judgment as to both the plaintiff's complaint and the defendants' counterclaim.
The plaintiff is a construction company which made improvements, renovations, and repairs to residential property owned by the defendants. The plaintiff asserts that the value of its services upon completion of construction was $31,000. When the defendants refused and neglected to pay a balance, alleged to be $19,795.42, the plaintiff filed a mechanics lien which, in the instant action, it now seeks to foreclose.
In their answer to the complaint the defendants deny liability and assert by way of special defense that the plaintiff has failed to comply with the requirements of the Home Improvement Act (Section 20-418 et seq., Connecticut General Statutes). They allege that because of such noncompliance any of the claimed contractual rights which the plaintiff had are invalid and unenforceable against them, including any claimed mechanics lien rights.
In its reply to the special defense the plaintiff alleges that the defendants were guilty of bad faith in their dealings with the plaintiff and that such bad faith deprives the defendants of their right to repudiate their agreement. CT Page 6471
The defendants deny bad faith and argue that the mere assertion thereof, without more, is insufficient to deny the relief sought.
The defendants assert that they are entitled, as well, to summary relief on their counterclaim; i.e., recovery of their attorney's fees; because the plaintiff's noncompliance with the requirements of the Home Improvement Act is a per se violation of the Connecticut Unfair Trade Practices Act (Chap. 735a, Connecticut General Statutes), all of which led to the defendants' incurring the expense which they seek to recoup. Their affidavit recites a charge for legal services of $1,080, and counsel has submitted a copy of his itemized bill evidencing the charge.
Appended to the defendants' motion is their request to admit and the plaintiff's reply thereto. In its reply the plaintiff admits the following:
 (1) that the work to be performed by the plaintiff are home improvements as statutorily defined;
 (2) that the documents which constitute the contract between the parties do not contain the required notice of cancellation rights, a starting or completion date, or the signature of one of the defendant property owners; and
 (3) that the plaintiff did not provide the defendants with the statutorily required notice of cancellation form.
The plaintiff has submitted with its objection to the defendants' motion an affidavit of a principal of the company, Michael Papa, Jr. Mr. Papa recites that he read to Mr. and Mrs. Eyre their statutory right of cancellation from a document which he incorporated in the company's file. The document was also read by Mr. Eyre. Both were informed by Papa of the starting date of construction, and Mr. Eyre was shown a document which set forth the starting and estimated completion dates of the contract. In its amended reply to the defendants' special defense the plaintiff alleges that the defendants' bad faith is demonstrated in "allowing the plaintiff to finish work on their home while never signing cancellation documents that were read and known to exist."
Although the plaintiff has filed a copy of a document CT Page 6472 entitled "Right to Rescind", which is dated and signed by Mr. Papa but unsigned by either defendant, it has not addressed through documentary evidence or in its memorandum of law the subject matter of the defendants' motion for summary judgment on their counterclaim; viz., an award of attorneys fees.
"Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book, Section 384. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). The court must view the evidence in the light most favorable to the nonmovant. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752
(1982)." Lomangino v. LaChance Farms, Inc., 17 Conn. App. 436,438 (1989).
Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402 n. 3 (1987). To be a material fact the fact must be one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379 (1969).
Although it has been held that bad faith on the part of the actor is a question of fact for the trier, the facts, in order to establish bad faith, must show the existence of a dishonest purpose. Hartford National Bank Trust Co. v. Credenza,119 Conn. 368, 371, 372 (1935). In deciding the instant motion the court cannot rely on a mere assertion of bad faith, for that alone is insufficient to establish the existence of a material fact; e.g., a dishonest purpose on the part of the defendants. Daily v. New Britain Machine Co., 200 Conn. 562, 569 (1986).
 A.
The Home Improvement Act (Section 20-429) sets forth the requirements applicable to a home improvement contract. Its language is unambiguous. Caukins v. Petrillo, 200 Conn. 713, 719
(1986). In order to be enforceable, the contract must be in writing and meet certain specific requirements. CT Page 6473
Needless to say, rigid enforcement of the statutory requirements may produce harsh results, particularly when a contractor, acting in good faith but in ignorance of the law, performs valuable improvements. Our Supreme Court, in upholding provisions of the Act, has speculated that the legislature viewed as more urgent protection of the consumer from the unscrupulous contractor, rather than protection of the innocent contractor from the manipulative consumer. Barret Builders v. Miller, 215 Conn. 316,326-27 (1990).
However harsh, the long and the short of it is that the owner, in the absence of a showing of bad faith, is privileged to repudiate an agreement which does not meet the statutory mandates. Id., 328. The key issue presented then is whether the plaintiff's assertion of bad faith and supporting documentation are sufficient to raise a material issue of fact necessitating denial of the defendants' motion for summary relief.
While the motive of the defendants is somewhat suspect, there may be valid reasons why they did not exercise a right of cancellation, allowed construction to continue, and have refused to pay the balance plaintiff claims is due. In any event, the plaintiff has not substantiated its claim of bad faith within the parameters required by law to withstand summary judgment. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). Any claim that it should be permitted recovery on a quasi-contract or quantum meruit theory is also unavailing. A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336, 340 (1990).
Section 49-33 of the General Statutes provides that a mechanics lien can be filed only when "the claim is by virtue of an agreement with or by consent of the owner of land. . ." The consent must be such as "indicates an agreement that the owner of at least the land shall be, or may be, liable for materials and labor." Newtown Associates v. Northeast Structures, Inc.,15 Conn. App. 633, 640 (1988). In the absence of a valid agreement the mechanics lien is void and unenforceable.
 B.
"The plaintiff's undisputed failure to comply with the Home Improvement Act's . . . contract requirement[s] is a per se violation of CUTPA by virtue of General Statutes Section 20-247 (b), which provides that any violation of the Home Improvement Act is deemed to be an unfair or deceptive trade practice." A. Secondino Son, Inc. v. LoRicco, supra 243. Section 42-110g(d) of the Unfair Trade Practices Act authorizes the court to award reasonable attorneys' fees based on the work reasonably performed by an attorney acting in behalf of one who has prevailed on a claim based on a statutory unfair or deceptive trade practice. In CT Page 6474 short, an award of attorneys fees is a remedy clearly available to the defendants. Chrysler Corporation v. Maiocco, 209 Conn. 579,593 (1989). That an adversarial hearing on the merits is not held, as here, does not preclude availability of the remedy. Cf. Hernandez v. Monterey Village Associates Limited Partnership,17 Conn. App. 421, 425-26 (1989).
An award of attorneys fees under CUTPA is clearly within the discretionary authority of the court. Gargano v. Heyman,203 Conn. 616, 622 (1987). While the court is persuaded that liability therefor attaches, the court chooses not to exercise its discretion, but rather to afford the plaintiff an opportunity to be heard on the reasonableness of the services performed and fees charged.
 C.
Defendants' motion for summary judgment on issues of liability as to the complaint and counterclaim is granted.
GAFFNEY, J.