[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a four-count complaint alleging breach of contract, fraudulent inducement, fraud and bad faith the plaintiff seeks damages from the defendants for the defendant Lamoin's failure to provide the plaintiff with an ownership interest in the defendant corporation when, it is alleged, Lamoin had promised to do so before the plaintiff went to work for the corporation. The defendants have moved for summary judgment on all counts of the complaint. In support of their motion they have provided a memorandum of law and the affidavit of the defendant Lamoin as to the dealings between him and the plaintiff prior to and during the latter's employment by the corporation, along with copies of documents and correspondence exchanged between him and the plaintiff, in order to meet their burden of showing that there is no genuine dispute as to any material fact.
In response the plaintiff has filed a memorandum of law and his own affidavit. His memorandum makes reference to some of the same documents and correspondence submitted by the defendants, to support his position that many material facts are in dispute between the parties. CT Page 6940
"Pursuant to Practice Book [§] 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; . . . it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. Moreover, in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted. Citations omitted.) Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 246-47 (1992)
The fundamental material issue between the parties is whether their contract of employment included a provision by which the plaintiff could earn the right to purchase a percentage interest in the defendant corporation based on his performance in recruiting computer consultants for assignment by the corporation to its clients' projects.[1]
Obviously, the defendant Lamoin says not in his affidavit. But, basing summary judgment on a sworn statement of the party seeking it is suspect, see Tryon v. North Branford, 59 Conn. App. 702, 716 (2000), and the documents submitted in support of his motion do not remove that issue from doubt. In particular, the memos written by the plaintiff to him in February, March and April 1998 (Exhibits 6, 7 8 to the motion for summary judgment) are offered as proof that, even then, the parties were still trying to negotiate a mutually acceptable stock purchase agreement. They may also be read, however, as the plaintiff's efforts to salvage something of what was agreed to in March 1993, when he was hired, and that had not been forthcoming from the defendant Lamoin.
A trier of fact, able to view the witnesses and assess their credibility, could put those letters together with testimony of the plaintiff such as is found in his affidavit in opposition to the motion and find that the agreement of the parties when the plaintiff came to work for the defendant corporation included an opportunity for him to earn an ownership interest in the corporation through his performance. The trier of fact need not accept that the memos of March 12, 1993 (Exhibits 3A 3B to the motion for summary judgment) constituted that contract. Were the trier to credit the plaintiff's testimony, it could find that, at the meeting on that date, the defendant had merely modified the plaintiff's earlier proposal, as reflected in those memos, and orally agreed to the provisions described in the plaintiff's affidavit. CT Page 6941
As the defendants acknowledge, whether a contract existed between two parties "ordinarily . . . would be considered a genuine issue of a material fact which would preclude summary judgment". Memorandum of Law in Support of Motion for Summary Judgment, p. 7. See Avon Meadow CondoAssn. v. Bank of Boston, 50 Conn. App. 688, 695-96 (1998). I perceive nothing in the defendants' moving papers that would persuade me to deviate from that rule in this case. "In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but in passing on that motion it cannot try that issue if it does exist." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 377 (1969).
"[Summary judgment] is appropriate only if a fair and reasonable person could conclude only one way. Haesche v. Kissner, 229 Conn. 213, 216,640 A.2d 89 (1994). The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citations omitted; internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). I cannot say that the defendants' submissions in support of their motion meet this test.
The defendants also claim that there is no genuine factual dispute over whether this action is barred by the three-year statute of limitations on suits on oral contracts established by General Statutes § 52-581. For the purpose of deciding this motion I shall assume that the contract between the parties was oral[2], but that does not mean that the three-year statute applies because that statute limits only suits on "executory contracts". Hitchcock v. Union New Haven Trust Co.,134 Conn. 246, 259 (1947). If the plaintiff herein had fully performed his obligations under the contract of employment at the time the breach occurred, the contract would not be executory but would be governed by the six-year statute of limitations established by General Statutes § 52-576. Tierney v. American Urban Corp., 170 Conn. 243, 249
(1976).
Whether the plaintiff had fully performed at the time of the breach cannot be determined on the record here. See Mac's Car City, Inc. v.DeNigris, 18 Conn. App. 525, 530 (1989). The record does not indicate whether the plaintiff had reached any of the targets set in what he claims was the contract of employment[3] by October 1995, when the defendant Lamoin offered him a purchase agreement for 2 1/2% of the stock of the defendant corporation and when the defendants claim the statute started to run[4]. Nor is it possible to determine what constitutes "full performance" in the absence of evidence of the intent of the CT Page 6942 parties. Thus, this issue as well turns on the determination of facts which cannot be made on a motion for summary judgment.
The other matters at issue between the parties are whether there is any genuine factual dispute underlying the plaintiff's claims that (1) the defendant Lamoin fraudulently induced him to come to work for the defendant corporation by promising him an ownership interest in the corporation when, in fact, he had no intent to permit him to acquire any such interest (counts two and three) and (2) the defendant Lamoin violated the covenant of good faith and fair dealing implicit in the parties' employment agreement (count four). This turns on whether the plaintiff has "establish(ed) a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists". Wadia Enterprises, Inc. v. Hirschfeld, supra, 224 Conn. 247.
I conclude that he has not. Especially when the standard of proof for fraud, by clear and convincing evidence, is taken into account, there is clearly insufficient evidence to show that the defendant Lamoin had no intention, when (and if) it was made, of following through on his promise to allow the plaintiff to acquire an ownership interest in the corporation. Exhibit 11 to the motion for summary judgment, in which the plaintiff puts much stock, was written by the defendant Lamoin five years after the plaintiff came to work and seems to me to be just another denial by the defendant Lamoin that he ever promised the plaintiff that he could acquire stock in the corporation.
It is especially difficult to see how a fact finder could conclude that Lamoin never intended to fulfill such a promise when, in fact, on two occasions he offered the plaintiff the opportunity to obtain an ownership interest in the corporation, albeit on terms the plaintiff thought violated their agreement.
The same considerations militate against count four. Acting in bad faith is required for a violation of the covenant of good faith and fair dealing. "Bad faith in general implies both `actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive.' Black's Law Dictionary (5th Ed. 1979). Bad faith means more than mere negligence; it involves a dishonest purpose. Funding Consultants, Inc. v. Aetna Casualty Surety Co., 187 Conn. 637, 644,447 A.2d 1163 (1982); Hartford National Bank Trust Co. v. Credenza,119 Conn. 368, 371, 177 A. 132 (1935)." Habetz v. Condon, 224 Conn. 231,237 (1992). There is in the plaintiff's submissions in opposition to the motion for summary judgment virtually no evidence that the defendant Lamoin acted in bad faith. CT Page 6943
Accordingly, the motion for summary judgment is denied as to count one. It is granted as to counts two, three[5] and four.
BY THE COURT
Shortall, J.